No. 12,709.

HUNTER v. PFEIFFER ET AL.

108 197
126 361

108 197
128 354

108 197
137 203

108 197
153 610

PLEADING.—*Demurrer.*—*Amendment.* — *Filing New Paragraph.* — *Waiver of Exceptions.*—Where, upon the sustaining of a demurrer to his complaint, the plaintiff, without obtaining leave to amend, files what he styles another paragraph, setting up substantially the same facts as were contained in the original complaint, the new paragraph will be treated as an amended complaint, superseding that demurred out, and waiving exceptions to the rulings thereon.

CONTRACT.—*Competitive Bidding on Public Works.*—*Agreement to Forbear.*—*Fraud.*—*Partnership.*—*Public Policy.*—No enforceable right can be predicated upon an agreement of partnership, the effect of which is to stifle or diminish competitive bidding on public works and to perpetrate a fraud on public officers.

From the Warren Circuit Court.

*J. McCabe* and *E. F. McCabe,* for appellant.

*W. P. Rhodes,* for appellees.

MITCHELL, J.—Hunter commenced a suit against Pfeiffer and two others in the Warren Circuit Court. His complaint was in two paragraphs. The court sustained a demurrer to the complaint, to which ruling the plaintiff below excepted. Thereupon he filed what is styled a third paragraph of complaint, which sets up substantially the same matters as were contained in the original complaint. Subsequently the court sustained a demurrer to this so-called third paragraph. The appellant, by proper assignments, now asks a review of the rulings of the court on all the paragraphs of his complaint.

Section 342 of the code provides, in substance, that when the court sustains a demurrer to a pleading, the party affected by such ruling may amend upon such terms as the court may direct, upon payment of the costs occasioned by the demurrer.

In case the court sustains a demurrer to an entire complaint or pleading, and no leave to amend is asked or obtained, it becomes the duty of the court to render the proper judgment upon the demurrer. Bicknell Prac. 107.

If, without obtaining leave to amend, a fresh complaint is

filed, the *gravamen* of which is the same as that demurred out, it will be treated as an amendment, and will be regarded as having superseded the original complaint.

Without considering what would be the effect of filing an additional paragraph counting upon a different cause of action, we are clear that a plaintiff, to whose complaint a demurrer has been sustained, waives his exception to such ruling by filing another complaint in the same case, based upon substantially the same facts.

The orderly and, in our opinion, the only proper course allowable under the statute, when a demurrer is sustained to an entire complaint, is, either to stand by the demurrer, or to ask and obtain leave to amend. Whether leave to amend is asked and obtained or not, the section of the statute above referred to can not be avoided, by filing a new complaint embracing substantially the same cause of action as that already demurred out, and styling such new complaint an additional paragraph, instead of an amended complaint.

Where a demurrer has been sustained to a pleading, any other pleading subsequently found in the record, which presents substantially the same cause of action or defence, will be regarded as having been filed by leave of court as an amendment, and will be treated as having superseded the pleading, or paragraph thereof, which it amends. This, too, without regard to the manner in which the subsequent pleading is entitled. *Trisler* v. *Trisler*, 54 Ind. 172; section 650, R. S. 1881.

The third paragraph, or amended complaint, which we now proceed to consider, presents, in substance, the following facts: On the 5th day of February, 1885, Hunter, Pfeiffer and two others entered into an agreement to form a partnership, the purpose of which was to secure the contract for building a free gravel road, the construction of which, we may infer from the complaint, had been duly determined upon by the board of commissioners of Warren county. The arrangement was, that Pfeiffer should attend the letting, which had been ad-

vertised, and bid for the work and secure the contract, and that Hunter and his associates should become sureties on the bond required by law in that behalf to be given by the contractor.

Pfeiffer bid off and was awarded the contract at the price of $13,465. The contract for the work was duly executed by the board to Pfeiffer. Hunter and the other two signed his bond according to the agreement. The plaintiff avers that the contract between Pfeiffer and the board is worth $3,-000; that $10,000 is more than sufficient to execute the work according to the agreement.

It is further averred, that but for the alleged agreement of partnership, the plaintiff would have bid for and received the contract, and would have made $1,000 profit thereon. The plaintiff alleges, that after the contract was secured, and the bond signed, Pfeiffer and the other two defendants wholly refused to permit him to participate in the prosecution of the work, and excluded him from the partnership which had been agreed upon; that the defendants were proceeding with the work, had already made $1,000 in profits, and that when completed the contract would yield a net profit of $3,000. He demanded judgment for $1,000.

On motion of the defendants below, the court struck out that part of the complaint which avers that but for the alleged agreement of partnership between the parties to the suit, the plaintiff would have bid for and received the contract for the construction of the work proposed, and would have made a profit of $1,000 thereon.

The appellant complains of this, and insists that the ruling on the demurrer to his complaint should be considered here as though the rejected averment remained in. Apart from the averment eliminated, there can be little question of the invalidity of the complaint. With that part considered as in, it is bad beyond any doubt whatever. Without the averment in question, it is fairly inferable from the complaint that the agreement to form a partnership was nothing more

nor less than a thinly disguised scheme to stifle or diminish competition for the obtainment of a contract to construct a public work. With the averment in, the real purpose of the partnership is not left to inference, the averment being baldly, that but for the agreement the plaintiff would have bid for and received the contract for the work, at a price at which he would have derived a profit of $1,000. In effect, this is to say, that the appellant and appellees were about to bid for the construction of a public work, which was to be let in pursuance of law, and that the appellant was induced to withhold a lower bid than that which appellee Pfeiffer proposed to make, in consideration that he should be taken into partnership, and be permitted to share in the profits of a contract which the appellee Pfeiffer was thus to secure. Upon all such partnerships the law sets the seal of its condemnation. Persons who combine in schemes of the character disclosed. can secure no aid from the courts in coercing a division of profits anticipated or accrued.

The statute under which free turnpikes or gravel roads are constructed, requires contracts for their construction to be let to the lowest and best bidder, and that all bids shall be sealed when filed. If the courts should lend any countenance to such a contract of partnership, as that disclosed in the complaint, in either aspect in which it is presented, the effect would be to afford facilities for bidders to enter into secret agreements and combinations with each other, and thus enable them to defeat the plain purpose of the Legislature in requiring such contracts to be let to the lowest and best bidder.

The whole purpose of the statute is to encourage open, fair competition between responsible bidders, and any secret combination, call it partnership or anything else, the effect of which is to abate honest rivalry or prevent fair competition, is to be condemned as violative of public policy, and void. No one can predicate an enforceable right upon such an agreement. *Atcheson* v. *Mallon*, 43 N. Y. 147 (3 Am. R. 678); *Woodworth* v. *Bennett*, 43 N. Y. 273 (3 Am. R. 706);

*Gibbs* v. *Smith,* 115 Mass. 592 ; *Hannah* v. *Fife,* 27 Mich. 172 ; Greenhood Pub. Pol. 178, 179, and notes.

The partnership contemplated by this agreement was a secret arrangement, unknown to the officers who had the public interest under their protection. It was intended that the officers should believe they were contracting with Pfeiffer alone, while he and those who were accepted as sureties on his bond intended among themselves a secret partnership wholly unknown to the board of commissioners. No lawful contract of partnership resulted from such a combination. *Armstrong* v. *Armstrong,* 3 Mylne & Keen, 45.

Persons who engage in forming partnerships of the character disclosed, must rely for a division of the resulting profits upon those sentiments of honor which are supposed to prevail among all who form combinations which are condemned by the policy of the law.

The purpose, tendency, and necessary effect of such a contract was to stifle fair, open, actual competition, and to perpetrate a fraud upon the public officers. If, in letting a contract such as this, parties, without knowledge of the bids of each other, submit their bids as the law requires, and afterwards enter into a partnership for the construction of the work with the knowledge of the officers letting the same, a question of a different character is presented. Such a transaction bears some similitude to the contract which was upheld in *Breslin* v. *Brown,* 24 Ohio St. 565 (15 Am. R. 627), a case which, on account of the liberal view taken of the contract there involved, is not universally endorsed. That case, however, affords no aid to the appellant here.

The judgment is affirmed, with costs.

Filed Nov. 3, 1886.