The People's Savings, Loan and Building Association *v.* Spears *et al.*

Filed June 22, 1888.

No. 13,374.

## THE PEOPLE'S SAVINGS, LOAN AND BUILDING ASSOCIATION *v.* SPEARS ET AL.

JUDGMENT.—*Conclusiveness of.*—*Failure to Cover all the Issues.*—*Ejectment.*—*Quieting Title.*—Where, in a suit to recover possession of real estate and to quiet title, judgment is given against one defendant, following which is a recital that the rights of the other defendants have not been adjudicated, the recital is not conclusive, but the effect of the judgment is to be determined by the issues and finding in the case.

SAME.—*Amendment of Judgment.*—*Practice.*—The sufficiency of a judgment, as to matter of form, can not be questioned by a motion for a new trial assigning as a cause that the judgment is contrary to law; nor is such a motion a proper method by which to secure a modification or amendment, but the remedy is by a special motion for that purpose, questions on which are to be saved by bill of exceptions.

REAL ESTATE.—*Possession Under Contract of Purchase.*—*Mechanic's Lien.*—*Estoppel.*—Where one who is in possession of real property under a contract of purchase procures improvements to be made thereon, with the mere knowledge and consent of the vendor, the latter is not thereby estopped to assert his prior and recorded title as against one claiming title through the foreclosure of a mechanic's lien attempted to be asserted by the person making the improvements.

From the Clarke Circuit Court.

*W. B. Goodwin,* for appellant.

*J. B. Meriwether,* for appellees.

MITCHELL, J.—Action by the above named corporation against Andrew J. Spears, William Fawcett and Mary Jane Fawcett, to recover the possession of, and quiet title to, certain described real estate in the city of Jeffersonville. It is averred that the plaintiff is the owner of the land described in the complaint, in fee simple, and entitled to the possession thereof, which is wrongfully withheld by Spears, and that all the defendants claim some interest in the real estate adverse to the right and title of the plaintiff. The defendants answered jointly by a general denial.

Mrs. Fawcett filed a cross-complaint, in which she alleged, among other matters not material to be stated, that, in July, 1882, the defendant Spears, while in possession of the premises in controversy under a contract of purchase, and while exercising control and ownership over the property, with the knowledge and consent of plaintiff, employed the defendant William Fawcett to make some additions to, or repairs upon, a building situate on the premises, and that the latter had, by due compliance with the statute, acquired a mechanic's lien upon the land and building for the amount of the repairs so made.

It is averred that the lien had been foreclosed and the property sold to the cross-complainant, in pursuance of a decree of foreclosure taken by Fawcett against Spears, and that the cross-complainant had no notice of the claim or ownership of the plaintiff at the time she purchased at the foreclosure sale. She asked as relief that the interest thus acquired by her be declared superior to the plaintiff's title.

The court sustained a demurrer to the cross-complaint, whereupon, after taking an exception, leave was taken to amend. So far as appears, nothing further was done in respect to the cross-complaint. Subsequently the cause was tried, without the intervention of a jury, on the issue made by the general denial to the complaint.

The court found generally that the plaintiff was the owner in fee simple, and entitled to the possession of the real estate

described in the complaint, and that the possession was unlawfully withheld by Spears. Judgment against Spears for possession.

There is the following recital after the judgment: "It is, therefore, considered, ordered and adjudged that there has been in this action no adjudication as to any alleged or supposed right, title or interest of the other defendants, William Fawcett and Mary J. Fawcett, of any interest or claim which they, or either of them, may have to the real estate described in the complaint in this action."

The plaintiff moved the court for a new trial, assigning as ground therefor "that the decision of the court refusing to adjudicate and determine the matter in controversy between the plaintiff and the defendants William Fawcett and Mary Jane Fawcett is contrary to law."

This motion was overruled, and this ruling is the only error assigned by the appellant. Mary Jane Fawcett assigns as cross-error the ruling of the court in sustaining the demurrer to her cross-complaint.

In respect to the error assigned by the appellant, it may be remarked that it does not appear, by bill of exceptions or otherwise, that any objection was made in the court below to the form or substance of the finding and judgment, or that there was any effort, by motion or otherwise, to secure any amendment to or modification of the judgment. All that appears to have been done was to move for a new trial, assigning as cause therefor that the refusal of the court to adjudicate, etc., was contrary to law. The sufficiency of a finding or judgment, as regards mere matter of form, can not be questioned by a motion for a new trial, assigning as a cause therefor that the finding or decision is contrary to law, nor is a motion for a new trial the proper method by which to secure the modification or amendment of a finding or judgment. *Bosseker* v. *Cramer*, 18 Ind. 44; *Robinson Machine Works* v. *Chandler*, 56 Ind. 575; 1 Works Pr., section 916.

If a finding "is imperfect by reason of uncertainty or ambiguity, or by finding less than the whole matter put in issue, or by not assessing damages," a *venire de novo* may be awarded. *Pittsburgh, etc., R. W. Co.* v. *Hixon*, 110 Ind. 225; 2 Tidd Pr. 922.

In case the judgment fails to follow the finding, it may be corrected, modified or amended on motion for that purpose. Questions on such motions are saved by bill of exceptions. *Forsythe* v. *Kreuter*, 100 Ind. 27; *Adams* v. *LaRose*, 75 Ind. 471.

"Where any part of a judgment is valid, it will stand unless proper steps have been taken by objection duly presented to the trial court to secure a modification or amendment, by amending or rejecting the part which is wrong." *Bayless* v. *Glenn*, 72 Ind. 5. *Teal* v. *Spangler*, 72 Ind. 380; *Becknell* v. *Becknell*, 110 Ind. 42.

The recital in the record or order-book entry upon the subject of what had or had not been adjudicated in respect to the rights of William and Mary Jane Fawcett is not conclusive. A judgment is, or ought to be, conclusive upon the matters put in issue by the pleadings in the case. The general rule is, that the issuable facts or matters upon which the plaintiff's case proceeded determine what was in issue. *McFadden* v. *Ross*, 108 Ind. 512; *McFadden* v. *Fritz*, 110 Ind. 1; *Kilander* v. *Hoover*, 111 Ind. 10, and cases cited.

The findings should cover the whole issue, and the judgment should follow the finding. If less than the whole issue was found in the present case, the court would doubtless have corrected or amended its finding on motion, and if the judgment did not follow the finding, a motion to amend or modify would have been available. So far as the entry on the order-book assumes by a recital to determine what was or was not adjudicated, its effect is to be determined by the issues and finding in the case. There appears to be a general finding for the plaintiff, so far as the title and right of possession are concerned, but as the effect of the finding

and the extent and conclusiveness of the judgment actually rendered are not before us, we decide nothing upon that subject now.

The demurrer to the cross-complaint was properly sustained. The fact that Spears was in possession under a contract of purchase, gave him no authority to overreach the plaintiff's title by contracting for repairs. Spears could bind his interest under his contract of purchase, and no more. Presumably the plaintiff's title was of record. That the purchaser in possession under a contract of purchase made improvements or repairs with the knowledge and consent of the vendor, did not estop the latter to assert its prior title. Something more than mere inactive consent is necessary in order that a lien may be acquired against the owner of property. *Neeley* v. *Searight,* 113 Ind. 316; *Hopkins* v. *Hudson,* 107 Ind. 191; *Wilkerson* v. *Rust,* 57 Ind. 172; *McCarty* v. *Burnet,* 84 Ind. 23.

As has been intimated, the cross-complaint does not seem to have been finally disposed of in the court below, and it is, therefore, doubtful whether the cross-error assigned presents any question for decision. It seems pertinent to suggest, that, after sustaining the demurrer to the cross-complaint—the cross-complainant having failed to avail herself of the leave to amend—the court would doubtless have sustained a motion for judgment upon the demurrer. *Hunter* v. *Pfeiffer,* 108 Ind. 197; Bicknell Civil Pr., 107. There was no available error.

The judgment is affirmed, with costs.

Filed June 20, 1888.