Goldman v. Oppenheim.

Filed March 16, 1889.

---

No. 13,559.

GOLDMAN v. OPPENHEIM.

CONTRACT.—*Administrator's Sale.—Agreement not to Bid.*—An agreement entered into for the purpose of preventing competition at an administrator's sale, is unlawful and void.

CHECK.—*Illegal Consideration.— Unlawful Contract.*—A check given in pursuance of an agreement whereby a bid made by the drawee for property offered for sale by an administrator shall be withdrawn, and the drawer allowed to purchase the property without competition, is not enforceable.

From the Cass Circuit Court.

*S. T. McConnell* and *D. B. McConnell,* for appellant.

*J. C. Nelson* and *Q. A. Myers,* for appellee.

OLDS, J.—This was an action on a check drawn by the appellee on the State National Bank, Logansport, Indiana, to the order of appellee for $300, dated May 9th, 1883, and endorsed by the appellee to B. Simon & Co., and by them endorsed to appellant, and presented to the bank on which it was drawn for payment. Payment refused. The complaint is in proper form, and no question is raised as to its sufficiency.

The defendant answered. Demurrers were filed for want of facts to the first, second, fifth and amended third paragraphs of answer, and overruled, and exceptions reserved by appellant. There was a trial, finding and judgment for the appellee. Appellant filed a motion for a new trial, which was overruled, to which ruling the appellant excepted. Error is assigned that the court erred in overruling each of the demurrers to the said paragraphs of answer, and in overruling the motion for a new trial.

No objection to the second and fifth paragraphs of answer is pointed out by appellant in his brief, and there is no discussion of the error assigned as to the ruling of the court on the demurrers to these paragraphs.

The first paragraph of answer and the amended third paragraph are pleaded upon the same theory, the only difference being that the third paragraph states the facts more fully than the first.

In each of said paragraphs it is alleged, in substance, that Levi Oppenheim died in Bartholomew county, Indiana, leaving as assets of his estate a stock of clothing, hats, caps and gentlemen's furnishing goods; that one Lewis Sloss was duly appointed the administrator of his estate, and obtained an order of the Bartholomew Circuit Court to sell said stock of goods at private sale, and that said administrator, in pursuance of said order, was about to sell said goods to the highest and best bidder; that, upon the 9th day of May, 1883, the day before said sale was to take place, the firm of Goldhart Brothers & Co., composed of William Goldhart, Charles Thurmauer and Lewis J. Goldman, the plaintiff, by said Charles Thurmauer, member of the firm, had bid the sum of $4,000 for said stock of goods; that the defendant desired to purchase said stock of goods for $3,400, and upon said day proposed to said Charles Thurmauer, who was acting for said firm of Goldhart Brothers & Co., that if he would withdraw the bid made by his said firm, he, the defendant, would give him his check for $300. Thurmauer accepted the offer, and

on the night of said 9th day of May, 1883, withdrew the bid made by him for his said firm ; that the defendant then signed and endorsed said check sued upon, and delivered it to said Thurmauer, who delivered it to his said firm ; that said firm sent it to the bank for payment, and payment was refused and the check protested, and during all the time the plaintiff was a member of said firm of Goldhart Brothers & Co., and that he became the owner of said check after it was protested, and knew at the time he purchased it that the defendant was contesting its legality and consideration, and refusing to pay it.

It appears from these allegations that the administrator was about to sell the goods in pursuance of the order of the court. It would be his duty to sell them to the highest responsible bidder, for not less than the appraised value, and he would be liable as such administrator if he failed to do so and loss resulted by reason thereof. Just before the sale was to take place, the appellee and Thurmauer, to whom he delivered the check, entered into an agreement by which appellee gave his check to Thurmauer for $300, in consideration for which Thurmauer agreed to, and did, withdraw a bid of $4,000 which he had made for the firm of which he was a member for the goods. This agreement was made for no other purpose, and could have no other effect, than to prevent competition in bidding on the property offered for sale, and to enable appellee to purchase the goods for a less sum than he otherwise could, to the detriment of the estate of the deceased. Such a contract is unlawful, and can not be enforced. *Atcheson* v. *Mallon*, 43 N. Y. 147 ; *Brisbane* v. *Adams*, 3 N. Y. 129 ; 1 Wharton Contracts, section 443 ; *Gulick* v. *Ward*, 18 Am. Dec. 389 ; *Hunter* v. *Pfeiffer*, 108 Ind. 197.

The demurrers were properly overruled to the several paragraphs of answer.

The only question presented by the motion for a new trial

is as to whether the evidence sustains the finding of the court. The evidence fairly supports the finding. There is no error for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed March 16, 1889.