No. 17,745.

THE STATE v. ADAMS EXPRESS CO., AMERICAN EXPRESS CO. AND UNITED STATES EXPRESS CO.

[CONSOLIDATED ACTIONS.]

TAXES.—*State Board.—Express Companies.*—The State board of tax commissioners is not confined for its information as to the value of the property of an express company, to the statements furnished by them as provided by statute, but may resort to such other information as they have or are able to obtain.

SAME.—*State Board.—Unit System.—Routes of Companies.*—In assessing express companies the statute authorizes the State board of tax commissioners to use the unit system of valuation, and in so doing the length of the routes and the proportion of such length within the State may be taken into consideration.

SAME.—*Unit System of Valuation.*—The object of the unit system of assessment is to prevent destruction of values by disruption and disintegration, and therefore the whole property used in the business is first valued, which necessarily includes all the local properties, and then so much of the whole value thus ascertained is apportioned to this State as its amount and value bears to the amount and value of the whole property.

SAME.—*Express Companies.*—*Right to Assess Routes.*—The length of a route of an express company has a bearing on the earning capacity of the property employed in the business, and the earning capacity determines the value of such property. Hence an assessment on the route of the company within the State under the unit system was proper and right.

From the Marion Circuit Court.

*W. A. Ketcham,* Attorney-General, *A. G. Smith, L. O. Bailey* and *M. Moores,* for State.

*Baker & Daniels* and *L. Maxwell,* for appellees.

McCABE, J.—The appellant, the State of Indiana, sued each of the above named express companies in the Marion Circuit Court to recover certain taxes alleged to have been assessed and levied on the property of said several companies within this State by the State board of tax commissioners. The right to maintain such suit at the election of the attorney-general of the State is conferred by section 11 of the act of March 6, 1893, supplementary to the general tax law of 1891. Acts 1893, p. 381 (R. S. 1894, section 8488). The same questions of law were involved in each case and the questions of fact involved in each were so very similar that the three cases, after separate issues had been joined in each, were, by agreement of both parties by order of the trial court, consolidated for the convenience of all in the trial.

On proper request the trial court trying the cases without a jury made a special finding of the facts in all particulars, where such facts were not exactly alike

·in all the cases they were found in such a manner as to make them readily applicable to the proper case. One conclusion of law is stated which is alike applicable to each case, and that conclusion is "that plaintiff ought not to recover anything in this action from the defendants, or either of them."

The findings show that each of said companies made the report to the auditor of State under protest required by section 3 of said act (R. S. 1894, section 8480), verified by an officer or agent of such companies respectively, of the total capital stock, the number of shares of such capital stock issued and outstanding, with par value of each, the principal place of business, which was in each case outside of this State, the market value of said shares on the first day of April next preceding, the real estate, structures, machinery fixtures, and appliances owned by each and subject to local taxation within the State of Indiana, the location and assessed value thereof in each county or township where the same is assessed for local taxation, the specific real estate, together with the improvements thereon, owned by each of said companies situate outside of the State of Indiana and not used in the business with a specific description of each piece, where located, the purpose for which the same is used, and the sum at which the same is assessed for taxation in the locality where situated; all mortgages upon the whole or any part of the property of each, together with the dates and amounts thereof; the total length of lines or routes over which they transport merchandise, freight or express matter; the total length of such lines or routes as are outside of the State of Indiana of each; the length of such lines or routes of each within each of the counties and townships within the State of Indiana.

That the auditor of State, as required by section 6

of said act (R. S. 1894, section 8483), laid each of said·
reports or statements before the State board of tax
commissioners when they met for the purpose of as-
sessing railroad and other property.

It is also found that each of said companies had con-
tracts with certain railroads named by which the ex-
clusive right to transport express matter over such
lines of the railroads over which the route of each ex-
tended in such a manner that no two or more com-
panies could transport such express matter over the
same line or route or any part thereof in the State of
Indiana.

That upon the presentation of said reports or state-
ments of said companies, respectively, to the State
board of tax commissioners, they proceeded to value
and assess the property of each of said companies for
the years 1893 and 1894 respectively. They pro-
ceeded, as we construe the finding, as they were re-
quired to proceed by the act mentioned, having first
ascertained the number of miles of route of each in
this State from said statements and assessed the
Adams Express Company and the American Express
Company each at the amount of $250.00 and the
United States at the sum of $175.00 per mile of their
routes respectively in this State for said years.

The court finds the number of miles of each of said
routes in this State respectively; that such assess-
ment was certified to the auditor of State as required
by the act, and he in like manner had certified to the
several county auditors, who also had fully complied
with the requirements of the act in relation to such
assessments.

It is further found that each of the defendants has
paid the taxes assessed against the property of each
subject to local taxation, but that neither of them
has paid any part or portion of the taxes so assessed

against them, or either of them, by the State board of tax commissioners.

The objection to the payment of such tax by the appellees cannot be better stated than in the plausible and persuasive language of their learned counsel, as follows: "Briefly stated, the defense is that the assessments sued for are not made in respect of any property belonging to the defendants in the State of Indiana, or subject to the taxing power of the State. It is admitted by the attorney-general that the defendants were assessed in 1893 and 1894 for State, county, municipal and other purposes upon all their property in the State subject to local taxation, and that they had paid all such assessments. The further tax now sued for is a tax of $250.00 per mile against the American and Adams and $175.00 against the United States Express Companies upon each mile of their routes in the State of Indiana. We contend that the 'route' of an express company, which owns neither the road nor cars over which it does business, is not property."

If the assumption of fact contained in the proposition of counsel were well founded, we should find it difficult to resist the legal conclusion sought to be drawn therefrom.

We agree with appellee's counsel that the assessment of the tax must be made and levied upon actual property, and that property must be within the State of Indiana. Nor can the State call something property that is not property and tax a person or corporation or copartnership thereon as property.

To do so in relation to these appellees who are engaged in interstate commerce would violate the federal constitution. *Fargo* v. *Michigan*, 121 U. S. 230; *Philadelphia & Southern Steamship Co.* v. *Pennsylvania*, 122 U. S. 336.

But it is conceded that the State board of tax commissioners is shown to have proceeded in exact ac-

cordance with the provisions of the act in question, the 7th section of which (R. S. 1894, section 8484) provides, after the presentation of the statements by said companies already mentioned and required by a previous section to the State board of tax commissioners, that: "Said  *  *  *  board  *  *  shall first ascertain the true cash value of the entire property owned by said  *  company  *  *  *  from said statements or otherwise, for that purpose taking the aggregate value of  *  *  the capital stock:  *  *  *  *  *  *  Such board of tax commissioners shall, for the purpose of ascertaining the true cash value of the property within the State of Indiana, next ascertain from such statements or otherwise, the value for taxation in the localities where the same is situated, of the several pieces of real estate situate without the State of Indiana and not specially used in the general business of such  *  *  companies  *  *  *,  which said assessed values for taxation shall be by said board deducted from the gross value of the property as above ascertained.  Said board  *  *  shall next ascertain and asses the true cash value of the property of such  *  *  companies  *  *  *  within the State of Indiana, by taking the proportion of the whole aggregate value of said  *  *  companies  *  *  *  *  *,  as above ascertained, after deducting the assessed value of such real estate without the State  *  *  *  shall be the proportion of the whole aggregate value after such deductions, which the length of the lines or routes within the State of Indiana, bears to the whole length of the lines or routes of such  *  companies  *  *,  and such amount, so ascertained, shall be deemed and held as the entire value of the property of said  *  companies  *  *  within the State of Indiana.  From the entire value of the property within the State of Indiana so ascertained, there shall be deducted, by the said board

the assessed value for taxation of all the real estate, structures, machinery and appliances within the State and subject to local taxation in the counties and townships, as hereinbefore described in item 5, of sections 1, 2, 3 and 4 of this act, and the residue of such value so ascertained, after deducting therefrom the assessed value of such local properties, shall be by said board assessed to said association."

It is very clear, we think, if the board followed this statute, and it is practically conceded by the appellees that the finding shows that to be the case, that their entire assessment was every particle of it, on actual property and not on a myth or wind or air or sunshine. And it was property within the State of Indiana. Their assessment was on all the property in the several counties in the State subject to local taxation, which, for the purpose of arriving at its true and actual value, must, as the legislature has wisely provided, be united with all the property owned and used by the company in the prosecution of its business in what ever State situate. It is but reasonable that when such property is broken into fragments and the several parts are disconnected, not only is the unit destroyed, but the several fragments separated from the united system to which they belonged and in which they each serve an important purpose in the one connected and harmonious system, the proportionate value of each when thus separated may be greatly reduced.

To avoid this great destruction of values, the act in question authorizes the system of valuation known as the unit system of valuation, that is, by valuing the whole property employed in any one of the peculiar classes of business named in the act into whatever number of States that property or parts thereof may be carried and used in the prosecution of such business; and then by the use of the means and methods

authorized by the act, apportioning to Indiana its fair proportion of the whole value according to the proportion of the whole property used in this State.

The length of the routes is required to be stated as one means of arriving at the true value of the property. Because common sense and general knowledge teach that the length of a route, such as those involved here, has a direct bearing upon the earning capacity of the property employed in the business. And the earning capacity of a property has a direct bearing upon its true value. The tax is not assessed upon the mere miles of the routes of such companies, but it is upon their property, the number of miles of their routes within this State, as compared with the number of miles of such routes outside of the State, and other facts being resorted to under the authority of the statute, as before observed, as one of the means of apportioning to Indiana its just and fair proportion of the value of their property in this State for taxation. The State board of tax commissioners is not confined for its information as to the value of property to be assessed to the statements mentioned. Section 6 (R. S. 1894, section 8483) authorizes them to resort to "such other information as they may have or obtain" for that purpose.

So that we see that it is not true that the assessment of so much per mile on the whole number of miles of the route of each company in this State was made on a myth; that the appellees claim that such assessment was not made in respect to any property belonging to them in the State of Indiana is wholly unfounded in fact or law. On the contrary, it was made upon that portion of the whole property belonging to each of the companies that was used in the prosecution of their business in the State of Indiana; and its value was fixed and ascertained by apportion-

ing such a part of the value of the whole property as the proportion thereof in this State bore to the whole property.

Appellees' learned counsel seem to suppose that because the board did, as authorized and required by the statute quoted, deduct from the gross amount of their assessment the assessed value for taxation of the local properties in the several counties and townships of this State as fixed by the local assessing officers therefor, the remainder constituting their assessment certified to the State auditor is not an assessment on such local properties. But that is a grave mistake of both law and fact. The very object of the unit system of assessment is to prevent the destruction of values by disruption and disintegration. Therefore, the whole property used in the business is first valued, and necessarily that included all the local properties in this State, and then so much of the whole value thus ascertained is apportioned to Indiana as its amount and value bear to the amount and value of the whole property.

This system of valuation has been directly upheld by this and other courts to the fullest extent in *Western Union Tel. Co. v. Taggart, Aud.*, 141 Ind. 281; *Western Union Tel. Co. v. Henderson*, 68 Fed. Rep. 589; *Western Union Tel. Co. v. Attorney-General*, 125 U. S. 530; *Massachusetts v. Western Union Tel. Co.*, 141 U. S. 40; *Pullman Palace Car Co. v. Hayward*, 141 U. S. 36; *Pittsburgh, etc., R. W. Co. v. Backus*, 133 Ind. 625; *Pittsburgh, etc., R. W. Co., v. Backus*, 154 U. S. 421; *Cleveland, etc., R. W. Co. v. Backus*, 154 U. S. 439.

But it is insisted by the learned counsel for the appellees that there is a marked distinction between these cases and the case at bar; that these cases upheld the assessments because they were based on

tangible property such as the actual physical tele-graph lines, including poles and wires in the telegraph cases, and the right of way, rails, ties, rolling stock, etc., in the railroad cases. And it is further urged that the suggestion of the attorney-general that the contracts of the express companies with railroad companies might be treated as property that could be taxed against the express companies is not tenable to support the assessments, because they are not, and do not purport to be assessments of the value of any such contracts, and the act does not provide for bringing them before the State board, or for having the board estimate their value. While it may be conceded that this contention as to such contracts ought to be up-held, yet such contracts do serve an important pur-pose in the whole investigation before the board. They established a direct connection of all the prop-erty, unity and fixity of routes or lines on which such property of the given company was used in the prose-cution of their business and thus established its united character. It may have been that the purposes for which the property was used would have been suf-ficient to establish its unit character, but the con-tracts mentioned put that beyond cavil.

And it was the property thus brought into oneness that was assessed and valued, and the proper part of that assessed value was apportioned to Indiana.

While the court found that the defendants had no property in Indiana during the years 1893 and 1894 except certain messengers' safes used on through routes and the local properties assessed by the local officers, it did not find that this whole property had not been assessed and valued, but, on the contrary, the whole finding shows that it had been so assessed and valued according to the method and means pre-scribed in the act for ascertaining its true value.

Just such an assessment under a statute in all material respects exactly like ours was upheld by the Supreme Court of Ohio in *State, ex rel.,* v. *Jones, Aud.,* 37 N. E. Rep. 945, also by the Circuit Court of the United States for the Southern District- of Ohio in *Adams Exp. Co.* v. *Poe,* 64 Fed. Rep. 9, and by the United States Circuit Court of Appeals, for the sixth circuit, in *Sanford* v. *Poe,* and *Fargo* v. *Poe,* 69 Fed. Rep. 546.

An attempt is made to distinguish these cases from the case at bar, by the learned counsel for appellee. They accordingly insist that there was but one statute for the taxation of the property of express companies in Ohio, while there are two here. But that is a mistake. The act of March 6, 1893, is supplemental and amendatory to that of March 6, 1891, and therefore must be construed as a part of that act. *Western Union Tel. Co.* v. *Taggart, Aud., supra.*

The local properties of such companies are subject to taxation in the localities where they are situate by the former act, but the two acts must be construed as one and the same act. *Western Union Tel. Co.* v. *Taggart, Aud., supra.* So that we have a statute authorizing the local properties of such companies to be assessed for taxation by the local taxing officers where such properties are situate in their disintegrated and fragmentary condition, wholly disconnected from the harmonious whole to which they belong, and because that may not be their real and true value, the same statute authorizes the whole to be brought together and valued as a unit, and to the end that such localities may not be deprived of their local rights in the taxation of such property, the amount of such local assessments is to be deducted from the whole value if it shall show an increase of valuation by uniting the

whole for valuation. That, at the same time, avoids the injustice of double taxation.

There is no complaint here that the assessment was too high, but the complaint is confined solely to the objection that the assessment is not on property. This, we think, we have shown is not true, either as a matter of law or fact. It is not surprising that the increase in the burdens of taxation brought about by the act in question on the property of such companies' should arouse complaints. Hitherto such companies, for want of proper legislation have well nigh escaped taxation in this State. It is but natural that the tax-gatherer should be made an unwelcome visitor by many good people. But the good citizen should take comfort in the payment of his taxes when reminded that it is such payment that enables the majesty of the law to walk by his side and shield and protect him against the lawless and violent both day and night in the enjoyment of his life, liberty and property.

So, too, these appellees have great need of such protection, and ought to contribute their just share to support the government that affords it. The law, with sword and buckler, goes with their agents in their perilous journeyings throughout the State, by day like a pillar of cloud and by night like a pillar of fire, to guard the valuable treasures and precious freight they transport for hire, from burglars and robbers.

We are of opinion that the circuit court erred in its conclusion of law.

The judgment is reversed and the cause remanded, with instructions to restate the conclusions of law in accordance with this opinion, namely, that the plaintiff is entitled to recover in each case the amount of tax assessed against each appellee by the State board of tax commissioners, as found by the court, and 50 per cent. penalty thereon in each case, and that each

of the judgments to be rendered upon such conclusion of law bear interest at the rate of 6 per cent. per annum from the date of the finding, and the court is instructed to render judgment accordingly.

Filed Dec. 21, 1895,