Per Curiam.
Almost every question raised on this appeal has already been considered and decided in favor of appellee, in the cases of Western Union Tel. Co. v. Taggart, Aud., 141 Ind. 281, 163 U. S. 1, 16 Sup. Ct. 1054; State v. Adams Exp. Co., 144 Ind. 549; Western Union Tel. Co. v. State, 146 Ind. 54. A question raised in appellant’s brief, if it were properly presented by the record,is found in the objection made to the action of the court in overruling appellant’s motion for a modification of the judgment. After the taxes due by appellant for the year 1895 had become delinquent, and this action was brought for their collection, under provisions of section 11 of the act of March 6, 1893 (Acts 1893, p. 374), in the manner detailed in Western Union Tel. Co. v. State, supra, and after a demurrer to appellee’s complaint had been overruled and a demurrer to appellant’s answer sustained, but before the finding of the court or the entry of judgment, the appellant came into court and tendered the amount of taxes due, together with ten per cent, penalty for delinquency, and with court costs. The tender was refused by the appellee, for the reason, amongst others, that the offer did not include the 50 per cent, penalty provided for in the statute in case of suit brought by the State for collection of such delinquent taxes.
We think the tender made was insufficient. For *274 reasons given in Western Union Tel. Co. v. State, supra, the 50 per cent, penalty accrues on the bringing of the suit. The right of the State to this penalty becomes inchoate at the moment of the delinquency, but does not actually accrue until the suit is brought. So the mechanic or material man has a right to a lien on a building as soon as labor is done or material furnished, but the lien is not actually acquired until notice is given. Had the State not brought suit the right to the penalty would not have accrued.
The right of the State to the penalty was the same as its right to the taxes themselves, both depending upon the same statute. The right to the taxes accrued by reason of the assessment, and that to the penalty by reason of the delinquency in payment and the suit brought for collection. The office of the court was but to declare the law in its judgment, and this was done by including with the taxes the penalty that had already accrued. A payment of the taxes, with penalty in case of delinquency, if made before suit brought, would, of course, have prevented suit, and hence avoided the 50 per cent, or suit penalty. But the State could not be put to the expense of a suit, and then, by a tender of payment, be deprived of the means provided in the statute as compensation for such expense. The case is analogous to the collection of attorney’s fees, in relation to' which it has been held that the right to the fees accrues as soon as the debt becomes, due and services of an attorney are engaged for its collection. A tender of the principal and interest would not prevent a judgment for the whole amount due, including attorney’s fees. Moore v. Staser, 6 Ind. App. 364.
Appellant insists, besides, that, in any case, the suit penalty of 50 per cent, should have been calculated only on the taxes assessed and unpaid, and not upon *275 the taxes and 10 per cent, penalty for delinquency. This question also we do not feel called upon to decide, inasmuch as it was not raised in the motion to modify the judgment. A judgment for some amount was properly rendered, and a motion to modify was necessary as to any error or excess in the amount of the judgment. People’s, etc., Association v. Spears, 115 Ind. 297, and other cases cited in note to section 768 Elliott’s App. Proced. “Where any part of a judgment is valid,” as said in the case cited, “it will stand unless proper steps have been taken by objection duly presented to the trial court to secure a modification or amendment, by amending or rejecting the part which is wrong.” See, also, Mott v. State, ex rel., 145 Ind. 353.
There was in the case at bar a motion to modify the j udgment, but in this motion the demand was that no judgment should be rendered against appellant for any amount, because (1) of the tender made, and (2) of the unconstitutionality of the law. The constitutionality of the law has been frequently affirmed, as appears from the cases first cited in this opinion; and we think we have shown above that the tender made was insufficient.
Judgment affirmed.