Murray H. Pearlman, J.
The motions in both actions will be disposed of together since both actions arise out of essentially the same facts, the pleadings in both are almost identical and the relief requested by the parties is precisely the same.
In each action the plaintiff, New York City Transit Authority moves for summary judgment or, in the alternative, judgment on the pleadings. In each action the defendant cross-moves for summary judgment or, in the alternative, judgment on the pleadings.
The plaintiff, New York City Transit Authority, has operated the transit facilities of the City of New York pursuant to *660 statutory authority and lease with the City of New York since July, 1953. The .plaintiff claims that among the property rights transferred to it by the City of New York were interests in two contracts entered into by the defendants with the now defunct Brooklyn and Queens Transit Corp.
On September 22, 1933, Jamaica Buses, Inc. entered into an agreement with the then existing Brooklyn and Queens Transit Corp. whereby the said Brooklyn and Queens Transit Corp. agreed to withdraw opposition to an application then being made for a certificate of convenience and necessity to the Transit Commission of the State of New York to operate on certain routes in the Borough of Queens. In consideration for such withdrawal, Jamaica Buses, Inc. agreed to make certain payments in accordance with the tenor of the paper writing.
On November 6, 1936 Green Bus Lines, Inc. entered into a similar agreement with the same Brooklyn and Queens Transit Corp. for the same purposes and agreed to make payments to the said Brooklyn and Queens Transit Corp. in accordance with the terms of the writing.
The complaints in both actions allege the making of the agreements, the breach thereof and the failure to pay to plaintiff pursuant to the terms of the agreements from July 1, 1953.
The answers interpose general denials and set up three affirmative defenses as follows:
1. The agreements were void as against the public policy of the State because the selection and maintenance of a route for public transportation is based only upon public advantage and cannot be the subject of a private agreement.
2. The agreement is void and against public policy because it might have created a monoply, and
3. Novation.
The State of New York controls common carriers for the general protection and safety of the public. The State, through the Legislature, requires transportation corporations to secure certificates of convenience and necessity pursuant to section 65 of the Transportation Corporation Law. Section 63-d of the Public Service Law authorizes the Public Service Commission to grant certificates of convenience and necessity after a hearing upon notice. The Transit Commission of the State of New York was abolished in 1943 and its duties transferred to the present Public Service Commission (L. 1943, ch. 170, as amd. by L. 1943, ch. 238). No private agreement with respect to the issuance of a certificate of convenience and necessity can thus be binding.
The contracts in the instant case were illegal, void and against the public policy of this State in that they tended to restrain *661 natural rivalry and competition to the disadvantage of the public (Atcheson v. Mallon, 43 N. Y. 147; Coverly v. Terminal Warehouse Co., 70 App. Div. 82).
At the time the actions arose section 340 of the General Business Law read in part:
‘ ‘ or whereby
“ Competition or the free exercise of any activity in this state in the manufacture, production, transportation, marketing or sale in this state or in the supply or price of any such article, product, commodity, service, transportation or trade practice is or may be restrained or prevented ” (emphasis supplied; L. 1935, ch. 12).
Measuring the agreements against this statute it is manifest that the agreements tended to stifle and prevent the free exercise of competition for the routes for which application was being made by the defendants and the Brooklyn and Queens Transit Corp. before the Transit Commission of the State of New York.
Plaintiff contends that the result of the contracts at issue was to assist the defendants in the pursuit of its business objectives. However, the end result is not the test of the legality of this type of agreement. As was stated in Cummings v. Union Blue Stone Co. (164 N. Y. 401, 405): “ And hence it is that contracts by which the parties to them combine for the purpose of creating a monopoly in restraint of trade, to prevent competition * * * are contrary to sound public policy and are void.”
In addition the afore-mentioned agreements were void, because the New York City Charter (ch. 14, § 362) states: “ The board of estimate shall have the control of the streets of the city * * * and shall have the exclusive power in behalf of the city to grant franchises or rights or make contracts providing for or involving the occupation or use of any of the streets of the city, whether on, under or over the surface thereof * * * for the transportation of persons or property * * * and to give the consent of the city to any franchise or right of any kind or nature whatsoever for or relating to the occupation or use of the streets of the city under the provisions of the constitution or of any statute.” (Italics supplied.)
Section 369 states: “ The board of estimate shall make inquiry as to the money value of the proposed franchise or right and the adequacy of the compensation proposed to be paid therefor, and shall embody the result of such inquiry in a form of contract with all the terms and conditions, including the provisions as to rates, fares and charges.” (Italics supplied.)
The City of New York acquired all of the right, title and interest of the Brooklyn and Queens Transit Corp. on June 1, *662 1940. The City of New York modified its franchise with the defendant Jamaica Buses, Inc. four times between the period June 1, 1940 and July, 1953 (the date when the transit facilities were transferred to the New York City Transit Authority).
On March 27, 1947 the City of New York entered into a franchise agreement with the defendant Creen Bus Lines, Inc. which was to endure for 10 years from that date. The modifications and the new franchise concerned the routes which were the subject matter of the prior agreements with the Brooklyn and Queens Transit Corp.
It is clear therefore that before the transit facilities of the City of New York were transferred to the plaintiff herein the Board of Estimate made inquiry as to the money value of the proposed franchise and the adequacy of the compensation which were embodied in the consummated contracts pursuant to section 362 of the New York City Charter.
Accordingly, the plaintiff’s motions for summary judgment or judgment on the pleadings is denied and the defendants’ motions for summary judgment are granted.
Settle separate orders.