Mr. Justice WAYNE
 

 delivered the opinion of the court.
 

 In this case Thomas B. Clarke made a conveyance of the premises in dispute to Albert Chrystie for a debt, of $ 525
 
 •
 
 and the approval of the master in chancery is indorsed upon the deed. The plaintiff objected to it as any evidence of title, on account of its having been made without authority of law.
 

 Chrystie conveyed the premises in dispute to James Covell, for .the consideration of six hundred dollars. Covell and wife
 
 *568
 
 conveyed the same to John R. Driver for eight hundred dollars. Driver died, having devised the premises to his executors, Nicholas Zelpen and George Deroche.
 

 In the course of the trial of the cause in the Circuit Court, the judges thereof were divided in opinion upon five points of law, and have certified them to this court for decision.
 

 The first and second points certified in this cause have been decided by this court, in its ruling of the second and third points in the case of Williamson and Wife
 
 v.
 
 Joseph Berry. We direct, that those rulings of the second and third points in the case just mentioned shall be taken as the answers given by ■this court t.o the first and second points in this case.
 

 - To the third point in this case, we rule, that the Chancellor had authority, under the acts passed for the relief of Thomas B. Clarke, to assent to a conveyance of the premises in dispute by his trustee, but that it was not within the jurisdiction given to the Chancellor by the acts of the State of New York mentioned in this case, to order that the trustee might make a conveyance of any part of the 'premises devised, as is mentioned in this case, for a.precedent debt due by the trustee to his grantee.
 

 . To- the fourth point, we rule, that the deed executed by Clarke to Chrystie.was not made in the due execution of the power and authority to sell and convey, though approved by the master in conformity with the Chancellor’s order, it not' hating been within the Chancellor’s jurisdiction to order that the trustee might make a conveyance of the premises to a creditor in payment of the debt.
 

 To the fifth point,- which'is, whether the defendant, deriving title by purchase
 
 bona fide
 
 and for a valuable consideration from such grantee, has a valid title against the plaintiffs, we an- ' s,wer, that, though the defendant may have paid to such a grantee a valuable consideration, he cannot be said to have acquired any title against the plaintiffs; inasmuch as Clarke had no lawful authority to convey to his grantee, that grantee had no right to convey to another'.
 

 . We direct the foregoing rulings to be certified to the Circuit Court, as the' answers of this court to the points certified to it for decision.
 

 . ' Mr.'Chief Justice TANEY}.. Mr. Justice CATRON, and Mr. justice-NELSON dissented."'' See the. report of the case of Williamson and Wife
 
 v.
 
 Berry.