## HERNDON v. GIBSON.[1]

PUBLIC SALE—CHILLING BIDS—SYMPATHY.—Anything said by a party in interest, at a public sale, that chills the bidding and prevents free competition, is cause for setting aside the purchase by such party. Therefore, a foreclosure sale was vacated where the purchaser, who was the mortgagor, stated publicly at the sale that it was her intention to bid; that she was a widow, and dependent on the premises for support; and desired that no one would bid against her; and by these statements (which were true) deterred another person from bidding, and obtained the property at undervalue.

Before FRASER, J., Oconee, July, 1892.

Action by Edmund L. Herndon, as receiver of Adger College, against Margaret I. Gibson, Mrs. C. H. Biemann, and Joseph W. Holleman, as master for Oconee County. The Circuit decree was as follows:

This case was heard by me on the pleadings and certain affidavits and statements used as evidence by consent and agreement of counsel. This is a proceeding to set aside or prevent the completion of a sale of a tract of land made by the master under a judgment of foreclosure of a mortgage given by the defendant, Mrs. Gibson, to Adger College, of which the plain-

---

[1]This case will be found, also, in 20 L. R. A., 545, with a valuable and exhaustive note on the effect, upon the validity of sales at auction, of preventing or checking bids.—REPORTER.

tiff is receiver, which judgment was rendered in an action brought by the plaintiff against Mrs. Gibson. The allegation, that the land was bid off by Mrs. Gibson for Mrs. Biemann, is not sustained by the proof. The title was drawn up in the name of Mrs. Biemann, and duly signed and witnessed; but I am satisfied that it was executed in this way only as a mortgage to Mrs. Biemann, to secure the sum of $100, which she advanced to Mrs. Gibson, to enable her to comply with the bid. There was, therefore, no collusion between these two defendants in fraud of the rights of plaintiff.

When the property was offered for sale, Mrs. Gibson said, in the presence of the bystanders and of the plaintiff, that it was her intention to bid for the premises; that she was a widow, and dependent on the premises for support; and desired that no one would bid against her. The property was worth above $1,000, and the only other person who was prepared to bid was willing to pay $300, and the mortgage debt was over $800. The statements made by Mrs. Gibson as to her circumstances are true. Fraud consists in some concealment or false statement which is calculated to mislead. In this case there was nothing said by Mrs. Gibson to impeach the title to the property, or the validity of the sale, or the value of the property in any way. These were the only things in which either the plaintiff or a purchaser had any interest. I do not see how a statement of facts, especially when the statements are true, and do not mislead, can be said to be a fraud on the rights of the plaintiff, who was present, even if the statement creates sympathy. These judicial sales ought to be upheld, unless there is some clear case of fraud by which parties are deceived or put in a position in which they cannot protect themselves. It is, therefore, ordered, that the complaint or petition in this case be dismissed.

The grounds of appeal by plaintiff were as follows: (1) It was error in the presiding judge to find that "the only other person who was prepared to bid was willing to pay $300," when the undisputed testimony shows that there were at least two persons other than Mrs. Gibson who had attended the sale of the

land with the intention of bidding for the land. (2) It was error in the presiding judge to hold, that, unless there was some concealment or false statement which was calculated to mislead at the sale, there could be no fraud; but he should have held, that if anything was done with the intention of interfering with the full competition at the sale, such conduct was a fraud on the rights of the plaintiff, and vitiated the sale. (3) It was error in the presiding judge not to find that the conduct of Mrs. Gibson at the sale of the land was done with the intention of preventing a full and fair competition, and did prevent such competition, and that such conduct was a fraud on the rights of the plaintiff, and vitiated the sale. (4) It was error in the presiding judge to consider the presence of the plaintiff at the sale as affecting the sale in any manner, the plaintiff being a receiver of the property of the college at the time.

*Messrs. Verner & Herndon*, for appellant.

*Messrs. Stribling & Shelor*, contra.

February 23, 1893. The opinion of the court was delivered by

MR. JUSTICE POPE. The plaintiff obtained a judgment foreclosing a mortgage, executed by the defendant, Mrs. Gibson, to secure a sum of money borrowed by her from the endowment fund of Adger College, on a tract of land of some 250 acres, in Oconee County, in this State. The debt in judgment was $770.01, and costs, $51.05. At the sale of the mortgaged premises by the master for Oconee County, the defendant, Mrs. Gibson, publicly announced that it was her intention to bid at such sale; that she was a widow, dependent upon such premises for a support, and requested that no one would bid against her. Such action on her part prevented two persons, who attended such sale to bid for the same, from bidding, one of whom was willing to give $300 therefor. Mrs. Gibson, the defendant, bid $100. There was no other bidder. The same was knocked down to her as the highest bidder. Immediately thereafter she induced the defendant, Mrs. Biemann, to advance the $100, which was paid to the master, with the request that title should be made to Mrs. Biemann, who had

agreed with Mrs. Gibson to hold the title to secure the loan of the $100.

Thereafter, and very soon, the plaintiff, as receiver of the Adger College, obtained leave of the court to bring an action to set aside such sale, upon the ground that the conduct of Mrs. Gibson, the defendant in the foreclosure action, had chilled the sale and prevented a fair competition, alleging that the property was worth about $1,000. He not only alleged the foregoing facts, but suggested that the defendant, Mrs. Biemann, had participated in the conduct of Mrs. Gibson. The matter came on to be heard by Judge Fraser on the pleadings and affidavits. It should be stated that Mrs. Biemann denied any and all knowledge of the matters herein referred to, and that Mrs. Gibson exonerated her from any participation therein. The other defendant, Holleman, is master for Oconee County, and is included as a party to prevent a deed to the premises being executed by him to Mrs. Biemann. The decree of the Circuit Judge dismissed the complaint, thereby denying the prayer of the plaintiff for any relief. In his decree, he finds the property worth $1,000; that Mrs. Gibson did use the language attributed to her at the sale, but held that she told the truth when she stated that she was a widow, dependent upon these lands for a support, and did not wish any one to bid against her, and so requested; that, therefore, she was guilty of no fraud, as she concealed nothing, nor did she misrepresent anything. From this decree, the plaintiff has appealed, upon four grounds. The decree and grounds of appeal should appear in the report of the case.

We cannot agree with the Circuit Judge. Under the laws of this State, fraud in the concealment or misrepresentation of facts is not the only fact which will vitiate a public sale.

1 Anything by a party in interest that chills the sale— prevents free competition amongst the bidders—will, on complaint, cause such a sale to be set aside. *Carson* v. *Law*, 2 Rich. Eq., 296, is an apt illustration of this principle of our laws. In this last mentioned case, when the bidder offered $1,000 for a lot of nine negro slaves, announcing, when he did so, that it was his purpose to send them as a gift to the

wife and children of the defendant in execution; his bid was the only bid; he paid the purchase money, and sent the slaves to the wife and children of the defendant in execution.   He, therefore, told the truth; he concealed nothing; he misrepresented nothing; his conduct was generous; yet the court of last resort in this State set the sale aside.   That it is a principle engrafted upon our laws that at public sales fair competition must exist, is too long and firmly settled by our decisions to need comment.   *Hamilton* v. *Hamilton,* 2 Rich. Eq., 355; *Martin & Walker* v. *Erans, Ibid,* 368; *Dudley* v. *Odom,* 5 S. C., 131; *Barrett* v. *Bath Paper Company,* 13 *Id.,* 128.   It follows, therefore, that the Circuit Judge was in error.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and the cause be remanded to the Circuit Court to enforce, by its decree, the principles herein, with directions, however, that the defendants, Mrs. C. H. Biemann and Joseph W. Holleman, master, shall not be liable for any costs.