### In re ETHIER et al.

#### (District Court, E. D. Wisconsin. October 18, 1902.)

1. JUDICIAL SALE—GROUNDS FOR SETTING ASIDE.

   A judicial sale will not be set aside except for gross inadequacy of price or circumstances impeaching its fairness. A subsequent offer of a better price than that realized cannot, alone, authorize a resale.

2. SAME—UNFAIR BIDDING—PREVENTING COMPETITION.

   The stock of goods of a bankrupt firm was sold at auction by the trustee, a number of dealers in the same class of goods, having stores near by, being bidders. Neither of these desired the stock sold to a business competitor, but each preferred that it should be sold to an outside party, and removed if he did not purchase. After the known representative of each had bid what he stated was his limit, the stock was sold to an attorney who was supposed by the others to represent an outside bidder, but who was in fact bidding for one of the home firms, which also had its agent openly bidding in its behalf. Had his principal been known, his competitors would have bid more, and a larger price was offered after the facts became known. *Held*, that such concealment, under the circumstances, deprived the creditors of the benefit of fair competition, and vitiated the sale.

In Bankruptcy. On review of order entered by the referee vacating a sale made by the trustee at public auction of the bankrupt's stock of goods.

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 370; Judicial Sales, vol. 31, Cent. Dig. §§ 77, 79.

Bloodgood, Kemper & Bloodgood, for trustee.
Wm. Kaumheimer and W. H. Austin, for purchaser.

SEAMAN, District Judge. The object of the sale in question, under the order of the court, was to obtain the best price for the stock of goods, through open and unrestricted bidding; and a judicial sale so made will not be set aside except for gross inadequacy of price, or for circumstances impeaching the fairness of the sale. The fact of a better offer subsequent to the sale, however beneficial to the creditors, will not furnish ground to disturb the transaction, after confirmation, without misconduct in the sale amounting to imposition and fraud. Graffam v. Burgess, 117 U. S. 180, 192, 6 Sup. Ct. 686, 29 L. Ed. 839; Herndon v. Gibson (S. C.) 20 L. R. A. 545, and note of cases (s. c. 17 S. E. 145). So the offer by one of the unsuccessful bidders to bid $500 more than the price realized cannot, alone, authorize a resale, though not without importance for reconsideration of the matter. The test in this case is whether persons intending to bid were prevented from bidding by deception at the sale, either on the part of the purchaser, or of which he is chargeable with notice. The testimony establishes that Schuster & Co. were the actual purchasers of the stock of goods, and that Mr. Kaumheimer acted in their behalf, under an express understanding that they were to have the benefit of his bid. This arrangement was unknown to the other bidders, but that fact would not be material, except for the peculiar circumstances of the case. In the absence of contract relation with other bidders in respect of the transaction, or other means of deception, the mere fact that Schuster & Co. were the undisclosed principal could not affect the validity of the sale to them, for no obligation would then rest upon them to make such disclosure. The undisputed circumstances, however, were these: The store of the bankrupts was located on Third street, and near it on the same street were Schuster & Co. and several other dealers in the same line, all competitors. Each of these rivals was anxious to prevent the other from taking this stock, and each, if he could not obtain it for himself, desired it to go to some distant location. Representatives of each were present at the sale,—Schuster & Co. by Mr. Herzfeld, one of their well-known agents,—and each made open bids, which were understood between them to be the limit of each, and each, including Mr. Herzfeld, expressly so announced. When their prices were exceeded by the supposed strangers, they dropped out of the bidding. Neither of the rivals of Schuster & Co. would have so withheld but for Herzfeld's representations. On these facts, I am constrained to the opinion that the deceptive conduct of Schuster & Co. deprived the creditors of the benefit to which they were entitled, arising out of the rivalry referred to, by way of enhancement of the sale value of the stock of goods, and that such conduct vitiates the sale.

The order of the referee is approved, accordingly.