LAUREL OIL & GAS CO. v. GALBREATH OIL & GAS CO.

(Circuit Court of Appeals, Eighth Circuit.    October 29, 1908.)

No. 2,720.

1. COURTS (§ 435*)—APPEAL FROM COURTS IN INDIAN TERRITORY GOVERNED BY ACT OF MARCH 3, 1905, AND NOT BY ARKANSAS STATUTES AND PRACTICE.
    Subsequent to March 3, 1905, appeals and writs of error and proceedings therefor and therein to review the decisions of the United States courts of the Indian Territory were governed by 33 Stat. 1081, c. 1479, § 12 (U. S. Comp. St. Supp. 1907, p. 208), and the practice in the national courts, and not by the statutes of Arkansas or the practice in its courts.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 435.*]

2. COURTS (§ 356*)—CONFORMITY ACTS INAPPLICABLE TO PROCEEDINGS TO REVIEW DECISIONS OF COURTS—APPEAL.
    Acts of conformity by which the pleadings, practice, and forms of proceedings in United States courts in civil causes are assimilated to the pleadings, practice, and forms of proceedings in state courts are inapplicable to appeals, writs of error, bills of exceptions, and other proceedings to secure reviews of decisions of those courts.  The latter are governed by the acts of Congress and the rules and practice of the federal courts.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. §§ 356.*]

3. COURTS (§ 356*)—PROBATE PROCEEDINGS ARE PROCEEDINGS IN EQUITY—BILL OF EXCEPTIONS UNNECESSARY TO REVIEW THEM.
    Proceedings in the United States courts in the exercise of the customary jurisdiction of probate courts are proceedings in equity.  They are reviewable by appeal and not by writ of error, and no bill of exceptions is necessary to bring the evidence, affidavits, and other proceedings therein upon the record, because they are a part of it.
    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 356.*]

4. JUDICIAL SALES (§ 1*)—GUARDIAN AND WARD (§ 95*)—DEFINITION—SALE OF GUARDIAN WITHOUT AUTHORITY OF COURT IS NOT.
    A judicial sale is a sale authorized by a court which has jurisdiction to grant such authority.
    An order which empowers a guardian, who desires to lease the property of his ward, to file a proper petition, and refers such petition to a master to take and report testimony and his conclusions for the action of the court, does not empower the guardian to sell or lease such property, and a sale thereof by him without authority is not a judicial sale, and it vests in the purchaser no rights in law or in equity.
    [Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. § 1;   Dec. Dig. § 1;* Guardian and Ward, Dec. Dig. § 95.*
    For other definitions, see Words and Phrases, vol. 4, pp. 3867–3870.]

(Syllabus by the Court.)

Appeal from the United States Court of Appeals in the Indian Territory.

See, also, In re Berryhill's Estate, 104 S. W. 850.

─────────────────────────────────────────────
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

William P. Z. German (William T. Hutchings, on the brief), for appellant.

Preston C. West (William M. Mellette and Edward R. Jones, on the brief), for appellee.

Before SANBORN and HOOK, Circuit Judges, and AMIDON, District Judge.

SANBORN, Circuit Judge. This is an appeal by the lessee from a decree of the United States Court of Appeals in the Indian Territory which affirmed a decree of the United States Court for the Western district of that territory, wherein that court refused to confirm an oil and gas lease of the land of an Indian minor made by her guardian, and confirmed a lease of that land to the appellee for a higher rental. The appellee moved to strike from the record all the testimony and affidavits, and to dismiss the appeal because, under the practice in the state of Arkansas, proceedings in the probate courts not evidenced by the pleadings, orders, and judgments can be considered in the Supreme Court of that state only when they are presented by bills of exception, and there is no such bill in the record in this case. Perkins v. Du Val, 31 Ark. 236; James v. Dyer, 31 Ark. 489. Counsel quote the provisions of certain acts of Congress passed in 1889, 1890, 1891, and 1895, which conform the pleadings and practice and forms of proceedings in civil causes in the United States courts in the Indian Territory to the pleadings, practice, and forms of proceedings in like causes in the courts of record of the state of Arkansas, which confer upon the United States court in the Indian Territory the jurisdiction of a probate court, which extend the laws of Arkansas relative to guardians, curators, and wards over the Indian Territory, and which prescribe the jurisdiction of the United States Court of Appeals in the Indian Territory and the method of procuring writs of error from it and taking appeals to it; and they argue that by virtue of these acts appeals must be taken and writs of error must be sued out and prosecuted to review the exercise by the United States courts in the Indian Territory of probate jurisdiction in the same way that they are prosecuted to review like proceedings in the courts of Arkansas. But after these various acts had been passed, and before any of the appeals had been taken in this case, Congress enacted:

"That hereafter all appeals and writs of error shall be taken from the United States courts in the Indian Territory to the United States Court of Appeals in the Indian Territory and from the United States Court of Appeals in the Indian Territory to the United States Circuit Court of Appeals for the Eighth Circuit in the same manner as is now provided for in cases taken by appeal or writ of error from the Circuit Courts of the United States to the Circuit Court of Appeals of the United States for the Eighth Circuit." Act March 3, 1905, c. 1479, § 12, 33 Stat. 1081 (U. S. Comp. St. Supp. 1907, p. 208).

This act conferred the power and fixed the jurisdiction of the Court of Appeals of the Indian Territory and of this court in cases arising in the United States courts in that territory. The method of review here prescribed is not a matter of form or of practice, but a matter of power and jurisdiction. It is not affected by acts conforming the

pleadings, practice, and forms of proceeding in the trial courts to those in the state of Arkansas. City of Manning v. German Ins. Co., 107 Fed. 52, 57, 46 C. C. A. 144, 148, 149; Hooven, Owens & Rentschler Co. v. John Featherstone's Sons, 49 C. C. A. 229, 235, 111 Fed. 81; 87. In this court and in the Supreme Court of the United States a judgment at law may not be reviewed by appeal, nor a decree in equity by writ of error. Highland Boy Gold Mining Co. v. Strickley, 54 C. C. A. 186, 189, 116 Fed. 852, 855, and cases there cited. A proceeding by a guardian to sell the lands of his ward is not a proceeding at law. It was originally within the jurisdiction of the chancery courts of England, and in the national courts it is a proceeding in equity. An appeal, therefore, was the only method by which the decree below could be reviewed in the United States courts, and no bill of exceptions is requisite to bring upon the record all the proceedings in equity in the trial court. They constitute a part of the record of that court, and are properly returned to this court for consideration upon an appeal. The motion to strike them from the transcript and the motion to dismiss the appeal are denied. Morrison v. Burnette, 83 C. C. A. 391, 394, 154 Fed. 617, 619, 620.

We turn to the merits of the case. On December 8, 1905, the United States Court for the Western district of the Indian Territory made a general order in these words:

"Now on this day upon due consideration by the court:

"It is considered and ordered by the court that, whenever a guardian desires to lease the lands of his ward for oil, gas, or mining purposes, he shall file in the office of the clerk of this court, in which such guardianship proceedings are pending, a proper petition. That all such petitions are ordered at once referred to the master in chancery of this district, to be at once transmitted to him, by the clerk, and such master is directed to examine the same and take such testimony relating thereto as he may deem fit and proper, and report his findings and conclusions, together with the testimony, to the court for its action.

"That this order shall be entered of record in the office of the clerk of this court at Sapulpa, Wewoka, Okmulgee, Eufaula, and Wagoner."

On January 18, 1906, the guardian filed a petition in that court in which he alleged that he had entered into an oil and gas lease with the appellant for a term of 11 years and 6 months, and prayed for an order of the court "authorizing and directing him to make said lease and approving the same as herewith submitted." On March 26, 1906, the master in chancery filed a report that on the 17th day of January, 1906, he took certain testimony which showed that the terms of the lease submitted on the 18th of January, 1906, were just and fair; that he afterwards caused a notice to be published that on the 5th day of March, 1906, he would receive sealed bids for an oil and gas mining lease of the land of this ward; that on that day the appellant offered a bonus of $300 and a royalty of one-tenth, and Francis M. Selby a bonus of $1,680 and a royalty of one-tenth; that the appellant had deposited with him a certified check for $300, and Francis M. Selby had deposited with him a certified check for $1,560; and he recommended that an order be made directing the guardian to execute a lease to Francis M. Selby. The appellant filed exceptions to

this report because the master did not recommend the making of the lease to it. The court first ordered the guardian to make the lease to Francis M. Selby, but it subsequently set aside this order, directed a resale, and finally confirmed a sale of the lease to the Galbreath Oil & Gas Company for a bonus of $9,000 and a one-tenth royalty, and declared that to be the highest and best bid for the lease. That lease has been made, confirmed by the court and by the Secretary of the Interior, and this appeal challenges the right of the court to refuse to direct the guardian to execute the lease of January 18, 1906, to the appellant.

The contention of counsel is that the appellant was the purchaser of the lease at a judicial sale, that it bid the fair value of the property and paid $300 to the master on the day it was executed, and that as there was no fraud, accident, or mistake in the transaction it had the legal right to a confirmation of the sale, and it was error for the court to decline to enforce this right and to lease the oil and gas to another. That this conclusion might follow if the premises were sound may be conceded. Files v. Brown, 59 C. C. A. 403, 407, 408, 124 Fed. 133, 137, 138; Morrison v. Burnette, 83 C. C. A. 391, 397, 398, 154 Fed. 617, 623, 624. But was the appellant a purchaser at a judicial sale? It is an indispensable attribute of such a sale that it must be made by authority of some court or judge that has jurisdiction to make or to direct it. It may be made by a guardian, a master, a marshal, or by any other agent of the court properly authorized, and it may be absolute or subject to subsequent confirmation. But the court must be the vendor, and the officer must have received from it his authority to offer the property for sale, to receive bids for it and to sell it, either absolutely or subject to the subsequent approval of the court, or it is not a judicial sale. The lease to the appellant was sold by the guardian on January 17 or on January 18, 1906, and the only authority he claims to have had from the court is the general order of December 8, 1905. That order goes no farther than to provide that "whenever a guardian desires to lease the lands of his ward for oil, gas or mining purposes, he shall file  *  *  *  a proper petition," that all such petitions shall be referred to the master, who shall take relevant testimony and report his findings and the evidence to the court for action. The guardian shall file a proper petition for what? Evidently for leave to sell a lease, not for confirmation of a sale of it which he has already made and which the court has no legal right to reject or disapprove. Counsel state in their brief that it had been the practice in the courts of the Indian Territory for the guardians to first make sales of leases of this nature, to procure testimony before the master in support of them, and then to apply to the court for their confirmation. If so, it was a practice unauthorized by any order of the court or by any evidence in this record, and it was not followed by the guardian here, for the prayer of his petition was not for a confirmation of the sale or of the lease he had already made, but for an order "authorizing and directing him to make said lease and approving the same as herewith submitted." The sale of the lease to the appellant was the act of the guardian without the authority of the

court. It was in no sense a judicial sale. It was nothing but an offer of the appellant to purchase a lease of the court on the terms stated in the guardian's petition. It conferred none of the rights of a purchaser upon the appellant, and the court committed no error in its rejection.

The decrees of the courts in the Indian Territory must be affirmed, and it is so ordered.