# COMPAÑIA AZUCARERA DE LA CAROLINA

### v.

# ENRIQUE GONZALEZ.

San Juan, Equity, No. 1053.

AGREEMENT NOT TO BID AT SALE.

Chilling Sales—Fraud.
> 1. Acts resulting in chilling a public sale are fraudulent in law no matter what their motive.

Public Sale—Combination.
> 2. A combination to enable people to make a bid which they otherwise could not make is not unlawful.

Opinion filed June 24, 1920.

*Messrs. Miguel Guerra* and *O. B. Frazer* for plaintiffs.

*Mr. Coll y Cuchi* for defendant.

HAMILTON, Judge, delivered the following opinion:

This bill was filed March 11, 1920, alleging that at a chancery sale ordered by this court bids were offered for the property by defendant and one Riera, and thereupon defendant requested the adjournment of the sale and entered into agreement with Riera for valuable consideration, by which Riera withdrew from the sale and allowed defendant to purchase at $330,000, when the property was worth and assessed for taxation at over $1,000,000, which agreement constituted a fraud upon the court, orator, and bondholders and creditors of orator;

"that said agreement was made with the fraudulent purpose and intent of eliminating all competition between the only bidders at the said sale, and with the fraudulent purpose on the part of the defendant of purchasing the property of your orators for a fractional part of their true value," which agreement was unknown to orator at the time of sale and confirmation, and has only recently come to his knowledge.

Motion to dismiss was filed, argued, and submitted on the ground that "the bill herein filed does not state any matter of equity entitling plaintiff to the relief prayed for, nor are the facts as stated sufficient to entitle plaintiff to any relief against this defendant."

1. There seems to be no doubt that an agreement not to bid at a public sale, which results in "chilling" the sale, is fraudulent and avoids the sale. Herndon v. Gibson (1893) 38 S. C. 357, 20 L.R.A. 545, 37 Am. St. Rep. 765, 17 S. E. 145; Smith v. Greenlee, 13 N. C. (2 Dev. L.) 126, 18 Am. Dec. 564; 1 Story, Eq. Jur. 292, 293. The motive may be a perfectly proper one on moral grounds, but if it results in destroying competition it is illegal. A striking case was Carson v. Law, 19 S. C. Eq. (2 Rich.), 296, where a bidder offered a thousand dollars for a lot of nine slaves, announcing that it was his purpose to send them as a gift to the wife and children of the defendant. No one bid against him; he was therefore the best bidder, and accordingly sent the slaves to the wife and children. His motives were of the best; and yet his action deterred bidders from sympathy and destroyed the competition aimed at by the law. The sale was set aside.

2. On the other hand, it is equally true that not every combination makes a sale fraudulent. Thus if two or more per-

Compañia Azucarera de la Carolina v. Gonzalez.

sons are unable to purchase the property except in partnership, there is no reason why one should not bid on behalf of all. This does not destroy competition; for no one could bid alone. It secures rather than prevents what the law aims at. Joint adventures are allowed when avowed. Atcheson v. Mallon, 43 N. Y. 147, 3 Am. Rep. 678; Kearney v. Taylor, 15 How. 494, 14 L. ed. 787; 2 R. C. L. 1133; 6 C. J. 831. This does not injure the sale the object of which is to secure the best possible competitive price for the defendant, who has no control over the sale, cannot refuse a bid, adjourn the sale, or fix a minimum. The sale is entirely adverse to him, and therefore the law seeks to protect him by preventing improper combinations. Dudley v. Little, 2 Ohio, 504, 15 Am. Dec. 575; Blackwell, Tax Titles, 5th ed. 560. This does not prevent a combination of creditors to bid off the property so as to protect their existing rights. Thames v. Miller, 2 Woods, 564, Fed. Cas. No. 13,860; Smith v. Ullman, 58 Md. 183, 42 Am. Rep. 331.

What may be proved upon the facts of the case cannot at present be foreseen. The allegations of the bill might possibly be fuller, but they would seem to be sufficient if proved, according to the usual meaning of the words employed, to allege a fraudulent combination to prevent competitive bidding, which was carried out and had the result aimed at, so that the defendant obtained the property at one third its value to the disadvantage of the plaintiff and its creditors. It would seem that the motion to dismiss upon the pleadings is not well taken.

It is accordingly denied, and it is so ordered.