## WINONA OIL CO. v. BARNES.

No. 11559—Opinion Filed May 10, 1921.

Rehearing Denied May 31, 1921.

Second Rehearing Denied Oct. 25, 1921.

(Syllabus.)

1. **Guardian and Ward — Jurisdiction of Court — Sale of Oil Leases on Minor's Land.**

The county courts of this state have jurisdiction in proper cases, where the court finds it is for the best interest of the minor,

to authorize the guardian to sell an oil and gas lease upon the lands of his ward.

**2. Same—Duration of Lease.**

The county court has jurisdiction, where he finds it is essential and to the best interest of the minor, to authorize the guardian to sell an oil and gas lease upon the land of the ward, and if for the protection of the minor's interest and the best interest of the minor's estate, the term of the lease may extend beyond the minority of the ward.

**3. Same—Sale of Lease—Nature of Transaction.**

The sale of an oil and gas lease, including the approval thereof, by the county court makes the transaction in the nature of a judicial sale.

**4. Guardian and Ward — Nature of Guardian's Title.**

The relation between the guardian and the ward does not give the court or the guardian legal title to the ward's estate, but both legal and beneficial title remain in the ward and the power of the court to deal with said estate is that conferred upon the court by the statute and the Constitution of this state, and the power of the guardian is a naked trust not coupled with an interest.

**5. Courts—County Courts — Rules of Probate Procedure—Compliance.**

The rule of this court promulgated June 11, 1914 (47 Okla. xiv), relating to procedure of county courts in probate matters, has the force and effect of law, and is binding upon the court as well as upon the parties to the action and cannot be dispensed with to suit the circumstances in any particular case.

**6. Guardian and Ward — Powers of Court —Sale of Oil Lease—Requisites.**

Neither the statutes nor Constitution of the state confers upon the county courts of this state power or authority to order and direct the guardian to execute an oil and gas lease upon the lands of the ward to a certain person for a designated sum, thereby preventing competitive bidding and preventing all other persons from participating at the sale or bidding at the sale.

**7. Judgment — Validity — Collateral Attack.**

Where the record in the case affirmatively discloses that the court was without power to make the order or decree it assumed to make, such order is void, subject to collateral attack for want of jurisdiction in the court to make the same.

**8. Same—Jurisdictional Elements.**

A judgment is void when it affirmatively appears from the inspection of the judgment roll that any one of three following jurisdictional elements are absent: First, jurisdiction over the person; second, jurisdiction of the subject-matter; and third, judicial power to render the particular judgment.

Error from District Court, Washington County; Preston A. Shinn, Judge.

Action by Henry N. Barnes against the Winona Oil Company to cancel oil lease. Judgment for plaintiff, and defendant brings error. Affirmed.

West, Sherman, Davidson & Moore, for plaintiff in error.

B. B. Blakeney, J. H. Maxey, Hubert Ambrister, Christy Russell, and Leake & Henry, for defendant in error.

McNEILL, J. This is an appeal from a judgment of the district court of Washington county, canceling an oil and gas lease executed by a guardian on the lands of his ward. The following is a brief summary of the facts, necessary to be considered: Henry N. Barnes, a member of the Cherokee Tribe of Indians, received his allotment, being the land in question. On November 14, 1906, his mother, as guardian of his person and estate, executed an oil and gas lease upon the allotment to the Winona Oil Company in accordance with the rules and regulations of the Secretary of the Interior, receiving a bonus therefor and one-tenth royalty. The lease by its terms expired December 24, 1917, and the ward reached his majority December 25, 1917. The Winona Oil Company developed the premises and drilled 12 producing wells upon the land, and produced therefrom more than one million dollars' worth of oil and gas. The mother, with her son, the plaintiff herein, moved to Dallas, Texas, and S. M. Redburn was appointed guardian, in her stead, by the county court of Cherokee county, where the guardianship proceedings were pending.

On June 2, 1917, S. M. Redburn, as guardian, executed the oil and gas lease in question to the Winona Oil Company for the consideration of $1,000 and one-eighth royalty, for a period as long as oil and gas were produced in paying quantities from said premises. After Henry N. Barnes reached his majority, he commenced this proceeding to cancel said oil and gas lease, contending the same was obtained by fraud, and pleaded certain facts relied upon as fraud, and further alleged that at the time of the sale a lease for the same terms and the same royalty was of the reasonable value of $50,000, and that the consideration was so grossly inadequate as to shock the

conscience of a court of equity. Second: That the guardianship proceedings relating to the sale of the oil and gas lease were void for the reason the county court failed to comply with rule 9 (47 Okla. xvi) relating to probate procedure, promulgated by this court relating to the leasing of minor's land for oil and gas purposes.

Upon the trial of the case to the court, the court made a general finding in favor of the plaintiff, Barnes, and against the defendant Winona Oil Company, and canceled the oil and gas lease. From said judgment, the Winona Oil Company has appealed to this court and for reversal presents its argument under four propositions. The first is stated as follows: The alleged invalidity of both the lease and the order authorizing and approving its execution on the ground of the asserted failure to comply with the probate rules prescribed by the Justices of this court.

The plaintiff in error admits that the rules adopted by this court and referred to have the force and effect of a statute, according to the holding of this court in the case of State v. Kight, 49 Okla. 202, 152 Pac. 362, but contends that the rules are simply rules of procedure, and that a rule of procedure is not mandatory in the sense that the acts done in violation of it are void. It is contended that the rules were recognized by the parties, and the court, and probate attorney waived the compliance with said rule, as they had authority to do under rule 18 (47 Okla. xvii).

Rule 9 of the probate rules reads as follows:

"No oil and gas or other mineral lease, covering lands, belonging to minors or incompetents will be approved except after sale in open court to the highest and best responsible bidder. All petitions for the approval of oil and gas leases shall be filed five days before the same are sold as provided herein. And notice of such sale must be given by posters and by publication where publication is practicable."

Rule 18 reads as follows:

"All advertising not required by law may be waived by the consent of the county court upon the approval of the probate attorney or tribal attorney."

The record disclosed a petition for authority to sell an oil and gas lease was filed June 2, 1917, and the county court made an order authorizing the sale on said date, and the sale was consummated on said date, and confirmed by the court on said date. The order authorizing the guardian to lease said land is as follows:

"And it appearing from said petition and from the evidence that it would be to the manifest interest of his said ward that a new commercial lease be executed, covering the land hereinafter described.

"It is therefore ordered, adjudged and decreed by the court that the said guardian execute a commercial lease for oil and gas purposes to the Winona Oil Company for as long as oil and gas is produced in paying quantities on the following described land, situate in Washington county, state of Oklahoma, to wit:

"North half (N.½) of southwest quarter (S.W.¼) of section 4, township 26, N., range 13 E., containing eighty acres (80) in consideration of the sum of $1,000 and a royalty of 12½ per cent. of all oil and gas produced."

We will direct our attention to the order directing the sale of the lease to the Winona Oil Company, and determine whether the court had jurisdiction to make such an order.

It has been held by this court that the county courts of this state have jurisdiction in proper cases, where the court finds it for the best interests of the minor, to authorize a guardian to sell an oil and gas mining lease on the land of his ward. Duff v. Keaton, 33 Okla. 92, 124 Pac. 291.

It has been further held: The county courts of this state have jurisdiction, where they find it would be to the best interest of the ward, to authorize the guardian to sell an oil and gas mining lease on the land of the ward for a period to and extending beyond the minority of the ward. Ardizonne v. Archer, 71 Oklahoma, 177 Pac. 554; Hoyt v. Fixico, 71 Oklahoma, 175 Pac. 517.

The federal courts in two opinions have held that the sale of the oil and gas lease, including the approval thereof by the county court, makes the transaction in the nature of a judicial sale. Etchen v. Cheney, 235 Fed. 104; Laurel Oil Co. v. Galbreath, 165 Fed. 162, 91 C. C. A. 196.

It has also been held that:

"The relation between guardian and ward does not give the guardian a legal title to the ward's estate, but both the legal and beneficial title to personal and real property remain in the ward, and the power of the guardian is a naked trust not coupled with an interest." Title Guaranty & Surety Co. v. Cowan, 71 Oklahoma, 177 Pac. 563.

In the case of Duff v. Keaton, supra, this court used the following language:

"And the procedure followed in this record harmonizes with that in force in the

state for the sale of personalty by order and approval of the probate court."

The court in the body of the opinion set out the petition asking for authority to lease the lands, the order of the court authorizing the guardian to sell the oil and gas lease to some responsible person, the return of the guardian, disclosing to whom the lease was sold, and the order of the court approving the lease.

After the decision of this court in the case of Duff v. Keaton, supra, this court in accordance with the statute promulgated certain rules regulating the county courts in probate matters, and among these was rule 9, relating to the procedure in leasing the land of the minor for oil and gas purposes. It was contemplated by the decision in the Duff v. Keaton Case, and the subsequent decisions in this court where the question of oil and gas mining leases was involved, and by rule 9, that the proceedings relating to the sale of an oil and gas lease should be by a petition, setting up jurisdictional facts, that would authorize the court to order a sale of an oil and gas mining lease upon the premises; second, a hearing upon said petition; third, an order of the court in proper cases authorizing the guardian to sell a lease; fourth, the advertising of said lease for sale, and the sale of said lease by the guardian in open court to the highest and best responsible bidder; and fifth, return of the sale and confirmation of the sale by the court.

This court, in the case of State ex rel. Freeling v. Kight, supra, and Haddock v. Johnson, 80 Okla. 250, 194 Pac. 1077, quoted with approval from the case of Thompson v. Hatch, 3 Pick. (Mass.) 512:

"The rule of court thus authorized * * * has the force of law, and is binding upon the court as well as upon the parties to the action, and cannot be dispensed with to suit the circumstances of any particular case."

We will now direct our attention to the proceedings upon the theory that the rules of this court have the same binding force and effect upon the county court as a law enacted by the Legislature.

The petition filed in the instant case by the guardian for authority to sell an oil and gas mining lease was no doubt defective, but it described the land and alleged it would be to the best interest of the minor to sell an oil and gas lease thereon, and we will consider it sufficient against collateral attack in the absence of fraud to give the court jurisdiction to enter an order authorizing the sale of a lease according to the

holding of this court in the case of Welch v. Focht, 67 Oklahoma, 171 Pac. 730, and Winters v. Oklahoma Portland Cement Co., 65 Okla. 132, 164 Pac. 965.

We are not passing upon the question that if, where a petition discloses the premises are incumbered with a valid lease, that expires when the ward reaches his majority, the court would have jurisdiction to order the sale of a lease the force and effect of which would be to commence the day the ward reaches his majority.

Whether the court had jurisdiction to order a sale of an oil and gas lease on the same day the petition was filed, and to approve a lease sold on the same day in direct violation of rule 9 of this court, supra, we express no opinion. The order authorizing the guardian to sell the oil and gas lease is set out above, and recites the fact that it would be to the best interest of the minor to sell an oil and gas lease upon the premises. The order directed the guardian to sell the oil and gas lease to the Winona Oil Company for $1,000 and one-eighth royalty. Did the court have any jurisdiction or authority to enter such an order? The force and effect of this order of the county court was to prevent any one except the Winona Oil Company from bidding at the sale, and to prevent competitive bidding. This was in direct violation of the rules of this court that the lease should be sold to the highest and best bidder, and is in direct violation of the general principle of law relating to judicial sales. This stripped the guardian of authority to sell the oil and gas lease to any person except the Winona Oil Company, and deprived the guardian of the right to sell for any other price except the price named in the order, irrespective of the value of the lease.

The general principle of law applied to judicial sales is that any act of the auctioneer, or the party selling, or of a third party, as purchaser, which prevents a fair, free, and open sale, or which diminishes competition and stifles or chills the sale, is contrary to public policy and renders the sale null and void. Farr v. Sims (S. C.) 24 Am. Dec. 396; Hamilton v. Hamilton (S. C.) 46 Am. Dec. 58; Cocks v. Izard, 7 Wall. (U. S.) 559, 19 L. Ed. 275. In the latter case the Supreme Court of the United States stated as follows:

"The law will not tolerate any influence likely to prevent competition at a judicial sale, and it accords to every debtor the chance for a fair sale and full price."

See, also, Herndon, Receiver, v. Gibson (S. C.) 17 S. E. 145, 20 L. R. A. 545.

If it is against public policy to conduct a judicial sale in a manner that prevents fair, free and open sale and competitive bidding, can a court direct a sale in a manner that will prevent fair, free, and open sale and competitive bidding, unless such authority is specially conferred upon it by statute? Neither the Constitution nor the statutes of this state confer upon the county court any authority to order the sale of a minor's property to a certain party at a designated price. We have been unable to find a similar order made by any court, where the court ordered and directed the property sold to a certain party at a designated price. A somewhat similar case arose in the state of New York, where a chancellor had ordered a conveyance of certain lands to a creditor to satisfy a certain indebtedness; the proceeding, however, involved many acts of the Legislature of the state of New York, and was presented to the Supreme Court of the United States in the case of Williamson v. Berry (8 How.) 49 U. S. 495, and the court stated:

"This court decides that, under the acts of New York, the chancellor had not the jurisdiction to give an order, permitting Clarke to convey any part of the devised premises in satisfaction of his debts, and that neither De Grasse, nor his alienee Berry, can derive from the order of the chancellor, or from the conveyance by Clark to De Grasse, any title to the premises in dispute."

In the kindred case, Williamson v. Ball (8 How.) 49 U. S. 566, in construing the same acts of the Legislature, the court stated as follows:

"Under the acts of the Legislature of New York, for the relief of Thomas B. Clarke, the chancellor had no authority to order that the trustee might make a conveyance of any part of the premises devised for a precedent debt due by the trustee to his grantee."

It has been held, where the statute authorizes only a public sale of a minor's property, the probate court cannot authorize a private sale, although the sale is approved by the court. See Hudson v. Holmes, 23 Ala, 585; Blair v. Dwyer (La.) 34 South. 464; Touchy v. Gulf Land Co. (La.) 45 South. 434.

This court in the case of Roth et al. v. Union Nat. Bank, 58 Okla. 604, 160 Pac. 505, in passing upon a statute that authorized the guardian to execute a mortgage on the land for the amount of indebtedness, where the court made an order authorizing the guardian to execute a mortgage in excess thereof, stated as follows:

"Where the record in a case affirmatively discloses the facts to be such that such court is without power in such case to make the order or decree it assumes to make, the same is void, and therefore subject to collateral attack for want of jurisdiction to the extent, at least, that such court is without power to make the same."

In the body of the opinion, the court, using part of its own language and quoting from Bailey on Jurisdiction, stated as follows:

"A court must proceed and determine within the limits of the power conferred. If it renders a judgment in an action or proceeding where jurisdiction has attached that it was not authorized or empowered to render at all, such judgment or decree is in excess of its jurisdiction, and for that reason a nullity. So, if it render a judgment or decree which is within its authority as to part only, but includes also that which is not within its power, the excess will be a nullity, and if the valid and invalid parts are independent of each other, the whole will not be void, but only such part as is in excess of the powers of the court."

Let us apply the same principle to the case at bar. Conceding the petition sufficient, the court had authority to order a sale of the oil and gas lease to the highest and best bidder. The court did not order the sale of an oil and gas lease to the highest and best bidder, but ordered it sold to the Winona Oil Company. This order was void, and the proceedings had in carrying into effect said order were likewise void, for want of authority in the court to make the order.

A judgment is void when it affirmatively appears from an inspection of the judgment roll that any one of three following jurisdictional elements are absent: First, jurisdiction over the person; second, jurisdiction of the subject-matter; and, third, judicial power to render the particular judgment. Oklahoma City v Corporation Commission, 80 Okla. 194, 195 Pac. 498; Roth v. Union Nat. Bank, supra.

In the case of Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, this court, in passing upon the effect of a judgment void upon its face, stated as follows:

"A judgment which is void upon its face, and requires only an inspection of the judgment roll to demonstrate its want of validity, is a 'dead limb upon the judicial tree, which may be lopped off at any time'; it can bear no fruit to the plaintiff, but is a constant menace to the defendant, and may be vacated by the court rendering it 'at any time on motion of a party or any person affected thereby,' either before or after the ex-

piration of three years from the rendition of such void judgment. Such motion is unhampered by a limitation of time."

If the court had jurisdiction to enter the order in the case at bar, the court would likewise have jurisdiction and authority, where the sale of the personal property of the minor was involved, to order and direct that the guardian sell the property to the party named in said order at a price therein designated, and thereby prevent competitive bidding. The court would likewise have authority, when the guardian petitioned the court for authority to sell the real estate of the minor, to enter an order decreeing that he found it to be for the best interest of the minor that the property be sold, and to order that the land be sold to a party named in the order at a designated price. Such an order would have the force and effect of stripping the guardian of all his powers and duties, and to substitute the court as guardian. No such authority is granted the judge of the county court, under the Constitution or statute, nor under the rules of this court. If the court had no jurisdiction or authority to enter such an order, a judgment based thereon is void, as the court had no judicial power to render the particular judgment rendered, and this is all disclosed by an inspection of the judgment roll.

The court had jurisdiction to pass upon certain questions, to wit: The necessity of the sale of an oil and gas mining lease. The court might prescribe the minimum price for which the lease might be sold, and no doubt designate the kind and character of a lease to be sold, the terms of the same; but when the court attempted to direct that the lease be sold to certain parties at the price named in the order, thereby preventing the same from being sold to the highest bidder and preventing all other parties from bidding at the sale, such an order is beyond the jurisdiction of the court to enter the same and against public policy and void.

Having reached this conclusion, it is unnecessary to consider the question of fraud, or any of the other questions presented, as this one question is decisive of the case and necessitates the affirmance thereof. It is so ordered.

HARRISON, C. J., and JOHNSON, ELTING, and NICHOLSON, JJ., concur.