## HORNER v. CUDAHY OIL CO.

No. 14200—Opinion Filed Jan. 6, 1925.

Rehearing Denied March 17, 1925.

### Cancellation of Instruments — Fraud—Sufficiency of Pleading.

It is reversible error for the court to sustain a demurrer to a petition which alleges fraud, and such irregularities in the procurement of a contract as would if proven. standing alone, render the contract void.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Washington County; J. R. Charlton, Judge.

Action by Lydia Horner, formerly Lydia Terrapin, against Cudahy Oil Company. Judgment for defendant, and plaintiff appeals. Reversed.

Norman Barker and Warren K. Snyder, for plaintiff in error.

Montgomery & Montgomery '(Moss & Owen, of counsel), for defendant in error.

Hayes McCoy, amicus curiae.

Opinion by JONES, C. This is an appeal from the judgment rendered from the district court of Washington county, Okla., wherein plaintiff in error, Lydia Horner, nee Terrapin. was plaintiff, and defendant in error, Cudahy Oil Company, was defendant. The action was to cancel an oil and gas lease procured from James Terrapin, guardian of the said Lydia Horner. Plaintiff and her guardian are full-blood Cherokee Indians, and the land involved covered by the lease sought to be cancelled was a portion of the allotment of the appellant. The facts, as disclosed by the record, show that in 1905, James Terrapin, the guardian of Lydia Terrapin, made and entered into an oil and gas lease with the appellee, which was duly approved by the Secretary of the Interior, which authorized the appellee to prospect and develop the lands in question, and continue to operate same until the ward, Lydia Terrapin, became of age on the 17th day of February, 1913. On February 3, 1913, shortly prior to the time when the said Lydia Terrapin would become of age, her guardian filed an application, or petition, in the county court of Washington county, asking that he be authorized to modify or extend the lease theretofore made, and alleged in said petition that appellee, the Cudahy Oil Company, had agreed to pay an additional royalty, 1-8th%, rather than 1-10th %, as provided for in the original lease, and to pay a cash bonus of $1,000. The guardian further alleged that he believed that the extension of the lease as prayed for would be to the best interest, and advantageous to his ward. A copy of a departmental lease was attached to the guardian's petition, and referred to as the contract, which he desired to enter into, which provided, in addition to increased royalty, that it should extend or continue so long as oil and gas was produced in paying quantities. The petition heretofore referred to was filed on the 3rd day of January, 1913, and the record states that on the 3rd day of De-

cember the court made an order authorizing the guardian to execute the lease attached to his petition, to the Cudahy Oil Company. (We assume that the date of the order should be January 3rd, rather than December 3rd, as we understand from the record that the order was made on the same day that the petition was filed.) And on the same date, to, wit, January 3, 1913, the said James Terrapin, as guardian of Lydia Terrapin, entered into a stipulation with the Cudahy Oil Company, whereby it was agreed that the lease would be extended in accordance with the order of the court, and as provided for in the lease attached to plaintiff's petition. The lease, which seems to be a departmental form as provided by the Secretary of the Interior, was referred to in said stipulation, and attached to same and made a part thereof, and provided that all terms and conditions of said original lease contract in conflict therewith are hereby abrogated and held for naught.

Under the original lease contract, which by its terms expired on the 17th day of January, 1913, it was agreed that the party of the first part, Lydia Terrapin, was to become the owner of all the buildings and improvements placed on the land by the party of the second part in the drilling and operation of the wells, as a part of the consideration for the lease. The lease also specified that the party of the second part, Cudahy Oil Company, might remove all tools, boilers, boiler-houses, pipe lines, pumping, and drilling outfits, tanks. engines, machinery, and the casing of all dry or exhausted wells at any time prior to the expiration of 60 days from the termination of the said lease, clearly showing on its face that it terminated absolutely on the 17th day of January, 1913.

The plaintiff alleges that the lease under which the defendants now hold is void for the reason that it was fraudulently obtained, in that her guardian was an illiterate, full-blood Indian, unable to read or speak the English language, and incompetent to properly manage the plaintiff's estate, and that he was fraudulently induced to sign said instrument, that her estate was of far greater value than the consideration paid, and that no cash consideration was paid, and avers that said sale was not made according to the law governing probate procedure, and is void and of no force and effect, and prays the cancellation of same.

A demurrer was interposed by defendant to plaintiff's petition and by the court sustained, and the order in sustaining same is the only specification of error assigned by appellant. Many authorities are cited by both the appellant and the appellee; the appellee contends that the direction of the court to the guardian, authorizing the sale, was binding and sufficient, and that no notice of the proceedings or formal approval of the contract extending the lease was necessary, and urges that the statute of limitation has run, that the appellant has received the rents and royalties from said leasehold for a period of more than nine years, and that she should be estopped from making any claim at this time, as to the invalidity of the lease contract, but from an examination of plaintiff's petition, as disclosed by the record, we think it good as against a demurrer, and some of the facts presented or urged by appellee do not necessarily appear on the face of the petition; the plaintiff nowhere alleges that she has received the benefits to which she would be entitled under the lease, and while it might be inferred, the court is not permitted to indulge in presumptions or inferences against the pleader in dealing with a demurrer to the petition, which is an admission of all the facts pleaded, and all reasonable inferences that may be drawn therefrom. The appellant calls attention to the case of Wynona Oil Co. v. Barnes, 83 Okla. 248, 200 Pac. 981, and the 6th paragraph of the syllabus of that opinion is as follows:

"Neither the statutes nor Constitution of the state confers upon the county courts of this state power or authority to order and direct the guardian to execute an oil and gas lease upon the lands of the ward to a certain person for a designated sum, thereby preventing competitive bidding and preventing all other persons from participating at the sale or bidding at the sale."

This covers the order made by the court in the instant case completely, and the 7th paragraph of the syllabus is as follows:

"Where the record in the case affirmatively discloses that the court was without power to make the order or decree it assumed to make, such order is void, and subject to collateral attack for want of jurisdiction in the court to make the same."

And while the case of Wynona Oil Co. v. Barnes was governed to some extent by probate rules promulgated by the Supreme Court on June 11, 1914, subsequent to the date on which the order involved in this case was made, however, we find in the body of the opinion the following statement:

"The general principle of law applied to judicial sales, is that any act of the auctioneer, or the party selling, or of a third party, as purchaser, which prevents a fair, free, and open sale, or which diminishes

competition and stifles or chills the sale, is contrary to public policy and renders the sale null and void."

The Supreme Court, no doubt, had in mind this rule, when establishing the rules governing probate procedure; other authorities are quoted announcing the same rule, and appellant contends that the case heretofore referred to. and the authorities cited are controlling in this case. In this contention we concur, and are of the opinion that the petition in this case is good as against the demurrer, and in view of the fact that various questions may arise, which might materially affect rights of the parties in this case, we think the cause should be reversed, and the trial court directed to permit the defendent to file answer, and try the case on its merits, and we so recommend.

By the Court: It is so ordered.

Note.—See under (1) 9 C. J. p. 1233.