CITY OF HEALDTON ex rel JOHNSTON v. BOARD OF ED., CITY OF HEALDTON, et al.

No. 33955. May 15, 1951.

Rehearing Denied June 5, 1951.

*232 P. 2d 148.*

Rutherford H. Brett and Gerald S. Tebbe, Oklahoma City, for plaintiff in error.

George & George, Ardmore, for defendant in error.

JOHNSON, J. The parties here occupy the same relative position as in the trial court, and hereafter they will be referred to as they there appeared.

The admitted material facts are in substance: That Independent School District No. 55 owned and used lots 7 to 18, inclusive, in block 5, Hamon's First Addition, Healdton, Oklahoma; that said lots are a part of street improvement district No. 4, the same being: Fifth street from the south line of G street to the north line of K street in said city; that W. R. Johnston, relator, is the owner and holder of certain street improvement bonds duly issued by the city of Healdton, Oklahoma, pursuant to resolution duly adopted on February 2, 1925, which provided for the issuance of bonds to pay the cost of paving and otherwise improving said street improvement district No. 4. That by virtue of Ordinance No. 72 of the city of Healdton, said city street improvement district No. 4 duly and legally levied assessments on all the lots in said improvement district No. 4, in ten equal installments, the first of which became payable on the 1st day of October, 1926, and others on the 1st day of October, annually thereafter, inclusive of October, 1935; that defendant School District No. 55 defaulted and failed to provide for the payment of said installments and interest, and on the 6th of May, 1937, a suit was commenced against said School District No. 55 and other property owners by W. R. Johnston, relator, wherein he sought judgment against each for the amount of the principal, interest and penalties alleged to be due from each. Thereafter, on the 28th day of March, 1941, judgment was rendered against the defendants therein severally and against Independent School District No. 55 and lots 7 to 18, inclusive, for the sum of $786.96 principal, $198.57 interest and $517.77 penalty, a total sum of $1,503.33, together with interest at

6% per annum from the 6th day of May, 1937, until fully paid, together with the accrued costs in the sum of $143.22 and accruing costs. The judgment declared a lien on all the property involved, including the property of the Independent School District No. 55, which was ordered foreclosed in the manner provided by law on an order of sale or special execution. No appeal was taken from this judgment. Although demand was made on the school district, no levy was made to retire said judgment.

On August 17, 1943, the plaintiff commenced an action in the district court of Carter county, Oklahoma, against the defendant School District No. 55 by filing a petition for a writ of mandamus requiring levies to be made to retire the plaintiff's said judgment of March 28, 1941. On the same date an alternative writ of mandamus was issued.

The defendant Board of Education of Independent School District No. 55, for its answer and response to the petition of the plaintiff, alleged that the petition upon which the alternative writ was issued did not state facts sufficient to constitute a cause of action for a writ of mandamus, and that the plaintiff W. R. Johnston, relator, is not entitled to same for the reason: (a) that the judgment declared upon is void in that it attempts to subject defendant and its property to the payment of penalties for nonpayment, in violation of law; (b) that relator is guilty of laches in failing to prosecute an appropriate action for such remedy, if any, as he may have had within a reasonable time after his cause of action, if any, may have accrued to him; (c) that the cause of action, if any, he ever had, is now barred by the statute of limitations; (d) that no authority of law exists for prepayment of the purported judgment declared upon herein; and by way of amendment further alleged that plaintiff was not entitled to the writ for the reason that the judgment relied upon has now become

dormant for failure to issue any process for the execution of said judgment within five years from the date thereof.

Upon the issues thus joined, trial was had to the court resulting in a judgment denying the peremptory writ. Plaintiff's motion for a new trial was overruled, and plaintiff appeals.

Plaintiff asserts several specifications of error which he presents under the single proposition:

"The trial court had jurisdiction in Case No. 22,532, State ex rel. W. R. Johnston v. Heirs of C. P. Hall and Independent School District No. 55, et al. to render the personal judgment against the school district on the paving assessments and for foreclosure on the judgment lien, which is valid and not subject to collateral attack; and mandamus to compel said school district to make the appropriate levy of taxes to pay said judgment is the proper and exclusive remedy."

As a counterproposition, defendant in its brief asserts:

"The trial court did not render a personal judgment in Case No. 22,532, against Independent School District No. 55, but instead attempted to render a judgment in rem for the sum of $786.96, principal paving assessments, together with $198.57 interest and $517.77 penalty thereon, or a total of $1503.33, against said defendant's high school building and grounds, and directed the advertisement and sale of said property in the event said amount should not be paid within six (6) months from the date of said judgment."

Under the provisions of 11 O. S. A. §100, it was the duty of the Board of Education of Independent School District No. 55 to annually provide by the levy of taxes in a sum sufficient to pay the maturing assessments and interest thereon, and when the district failed to do so it was then possible for the bondholder, through 11 O. S. A. §107, to maintain a civil action against the district and thereby obtain a judgment against said district in accordance with section 107, supra, subject to the limitations applicable to judgments against such a public municipality. Wilson v. City of Hollis, 193 Okla. 241, 142 P. 2d 633, 150 A. L. R. 1385.

That is, the liability of such school district is limited to the amount of the assessments plus the interest thereon, and where, as in this case, the municipality fails or refuses to make the annual levies directed to be made by section 100, supra, the bondholder is entitled to maintain a civil action against such school district to recover judgment for the amount of unpaid installments or assessments against its property for its portion of the cost of the public improvement, such as city pavement, plus interest due on each installment at date of its maturity, and such judgment may be paid as other judgments. Board of Education of City of Chickasha v. City of Chickasha ex rel. Pool, 195 Okla. 127, 155 P. 2d 723.

However, it is contended by the defendant that plaintiff does not have a valid judgment against the school district because the judgment included the $517.77 penalty and directed the sale of all the property covered by the judgment (which included the lots belonging to the school district) in the event the whole amount of the judgment was not paid within six months from date of said judgment.

Under the above-cited authorities penalties cannot be collected against a municipality (school district), nor can public property used for public purposes be subjected to forced sale in payment of special assessments for local improvements. Blythe v. City of Tulsa, 172 Okla. 586, 46 P. 2d 310.

The plaintiff contends that the judgment is valid in toto because unappealed from.

We cannot agree with either contention. The court had jurisdiction of the parties and subject matter. It could and should have rendered judgment for the amount of the unpaid annual assess-

ments and interest thereon, and nothing more, but it can be readily ascertained as to what part of the judgment is valid and that part which is invalid. Clearly, it was not within the court's jurisdiction to render a judgment for penalties and forced sale of public property used for public purposes. Therefore, that part of the judgment against the school district allowing penalties and foreclosure on (its) public property used for public purposes was void, but the judgment otherwise was valid, Winona Oil Co. v. Barnes, 83 Okla. 248, 200 P. 981, and the court erred in not issuing the writ of mandamus requiring a levy sufficient to retire one-third of the judgment for the amount of the unpaid annual assessments and the interest thereon. Therefore, the cause is reversed, with directions for further proceedings conforming to the views herein expressed.

WELCH, CORN, DAVISON, HALLEY, and O'NEAL, JJ., concur.